### MILLS v. HEIDINGSFIELD et al.

#### No. 6032.

Court of Appeal of Louisiana. Second Circuit.

Nov. 3, 1939.

Rehearing Denied Dec. 1, 1939.

Writ of Certiorari Denied Jan. 9, 1940.

Thomas B. Wilson, of Shreveport, for appellant.

Cook, Cook & Egan and Albert T. Hughes, Jr., all of Shreveport, for appellees.

HAMITER, Judge.

The owner of a house in the City of Shreveport, Louisiana, and her insurer are

the defendants in this tort action. Plaintiff alleges:

"That on the 10th day of October, 1938, at about 8:30 o'clock P. M., your petitioner lawfully went on said porch of said house for the purpose of inquiring as to a reported future vacancy of the premises and residence, and after finishing conversing with the occupants of the house, petitioner proceeded across the porch to said steps for the purpose of descending the steps to the ground. Upon reaching the edge of said porch near the steps, suddenly and without warning, the rotten and decayed flooring on said porch crumbled and broke under the feet of your petitioner, causing your petitioner to fall through said porch and after so falling, to become overbalanced and then fall forward toward the ground in front of said porch onto an iron pipe that was sticking up out of the ground immediately in front of the porch.

"That the flooring of said porch at the point where your petitioner fell through was rotten and decayed, a condition that petitioner was not aware of until after he had fallen through said floor, and of which he had no way of knowing prior to said accident, and that said decayed and rotten condition of said flooring caused the same to break under your petitioner and resulted in the accident and injuries to petitioner hereinafter set out."

A judgment against the defendants, in solido, awarding damages for the asserted injuries, is asked by plaintiff.

The petition was met with exceptions of no cause and no right of action, under which defendants contend that the allegations of fact made by plaintiff disclose no duty owed to him by the owner to keep the premises in repair. These exceptions were sustained and plaintiff appealed.

The articles of the Louisiana Civil Code which specifically relate to the liability of the owner of a building for injuries resulting from its defective condition are the following:

"Every one is bound to keep his buildings in repair, so that neither their fall, nor that of any part of the materials composing them, may injure the neighbors or passengers, under the penalty of all losses and damages, which may result from the neglect of the owner in that respect." Article 670.

"The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction." Article 2322.

"The lessor is bound to deliver the thing in good condition, and free from any repairs. He ought to make, during the continuance of the lease, all the repairs which may accidentally become necessary; except those which the tenant is bound to make as hereafter directed." Article 2693.

"The lessor guarantees the lessee against all the vices and defects of the thing, which may prevent its being used even in case it should appear he knew nothing of the existence of such vices and defects, at the time the lease was made, and even if they have arisen since, provided they do not arise from the fault of the lessee; and if any loss should result to the lessee from the vices and defects, the lessor shall be bound to indemnify him for the same." Article 2695.

The Supreme Court had occasion to discuss these codal provisions in the case of Klein v. Young et ux., 163 La. 59, 111 So. 495, 497, and, speaking through Chief Justice O'Niell, said that article 670 applies to injuries sustained by a neighbor or passerby; that the obligation imposed on the lessor by articles 2693 and 2695 "is in favor of the lessee only, and has nothing to do with the obligation resulting ex delicto in favor of any other person injured in consequence of neglect on the part of the owner of a building to keep it in repair"; and that article 2322 "makes every owner of a building answerable in damages to any person who is injured—either while rightfully inside or while outside of the building —by an accident resulting either from the owner's neglect to repair the building or from a vice or defect in its original construction."

The instant controversy can be governed only by said article 2322, for, according to the petition's allegations, plaintiff was not a lessee of the premises, a neighbor, or a passerby. This article is found in Book III, Title V, Chapter 2 of the Civil Code, and such chapter, which is entitled "Of Offenses and Quasi Offenses", and furnishes the basic tort law of this state, begins with the statement that, "Every act whatever of man that causes damages to another, obliges him by whose fault it happened to repair it." Article 2315. The provisions of article 2322 constitute an application of the principle enun-

ciated in Civil Code article 2316 that, "Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill" (Cristadoro v. Von Behren's Heirs, 119 La. 1025, 1026, 44 So. 852, 17 L.R.A.,N.S., 1161), and according to the jurisprudence of this state the responsibility imposed upon property owners by them is subject to the general law of negligence. Clay v. Parsons, 144 La. 985, 81 So. 597; Klein v. Young, supra.

■ In the absence of some duty which has been neglected or violated, there can be no actionable negligence; and hence, in order that a person may have a cause of action on account of an injury to person or property resulting from negligence, it is necessary that the act or omission complained of should have involved some breach of duty owed to him, or to the person whom he represents, by the person of whose negligence he complains. 45 Corpus Juris, verbo, "Negligence", § 16.

■ In cases of the kind under consideration, the complaining person is classified as an invitee, licensee or trespasser for the purpose of determining whether or not there has been such a breach of duty.

■ An invitation to enter upon or use the premises of another may be either express or implied, and the rights of the invitee and the duties of the inviter are the same in either case. 45 Corpus Juris, verbo, "Negligence", § 218. It is an express invitation, as the term signifies, when the owner expressly invites the person. An implied invitation, as said in 45 Corpus Juris, verbo, "Negligence", § 220, is "one which is held to be extended by reason of the owner or occupant doing something or permitting something to be done which fairly indicates to the person entering that his entry and use of the property is consistent with the intentions and purposes of the owner or occupant, and leads him to believe that the use is in accordance with the design for which the place is adapted and allowed to be used in mutuality of interest. In this connection, however, it is not sufficient that the user believed that the use was intended, but in order to occupy the status of invitee, he must show that there was some act or conduct of the owner or occupant which afforded a reasonable basis for such belief."

■■ A person is a licensee, according to 45 Corpus Juris, verbo, "Negligence", § 194, "where his entry or use of the premises is permitted by the owner or person in control thereof, or by operation of law, so that he is not a trespasser, but is without any express or implied invitation. He therefore occupies a position somewhere between that of a trespasser and that of an invitee. A license is distinguished from an invitation in that the licensee is on the premises by sufferance only, and not by virtue of any business or contractual relation with, or any enticement, allurement, or inducement to enter held out to him by, the owner or occupant, but merely in his own interest and for his own purposes, benefit, convenience, or pleasure." This statement of the rule appears to have been substantially approved and followed by the courts of this state. Bell v. Houston & S. R. Co. et al., 132 La. 88, 60 So. 1029, 43 L.R.A.,N.S., 740; Vargas v. Blue Seal Bottling Works, Ltd., 12 La.App. 652, 126 So. 707; Myers v. Gulf Public Service Corp., 15 La.App. 589, 132 So. 416; Platt et al v. Bender et al., La.App., 178 So. 678.

■ Where a person enters upon the property of another without any right, lawful authority, invitation, permission or license, or not in the performance of any duty to the owner or occupant, he is deemed to be a trespasser.

■ Under the general law of negligence, a licensee takes the premises as he finds them. The owner thereof owes to him only the duty of refraining from injuring him wilfully, wantonly, or through active negligence. Vargas v. Blue Seal Bottling Works, Ltd., Myers v. Gulf Public Service Corp., Platt v. Bender, all supra; 45 Corpus Juris, verbo, "Negligence", § 201.

■ The duty owed to a trespasser is not greater than that due to a licensee.

It is the contention of the defendants in the instant case that plaintiff, under the allegations of his petition, was nothing more than a licensee. On the other hand, plaintiff insists that he is to be classed as an implied invitee, or one who is entitled to recover under the provisions of Civil Code, article 2322.

■ The petition contains no allegations of fact indicating that the property owner wilfully or wantonly injured plaintiff or that the alleged injury was produced by her active negligence. Consequently, such petition is insufficient to support recovery

under Civil Code, article 2322, unless it appears therefrom that the plaintiff was an invitee on the premises.

In examining the attacked pleading with the view of determining the status of plaintiff, we find that he "went on said porch of said house for the purpose of inquiring as to a reported future vacancy of the premises and residence, and after finishing conversing with the occupants of the house, petitioner proceeded across the porch to said steps for the purpose of descending the steps to the ground." It is not disclosed that the owner or her authorized agent lived or was then on the premises, or that she had announced or advertised, through newspapers, signs or otherwise, that said property was then available for rental purposes. Under these circumstances and the situation presented, our conclusion is that plaintiff was a mere licensee. He was not on the premises by reason of an invitation, either express or implied. His presence there was by sufferance only, as a casual inquirer, and not because of any business or contractual relationship with or inducement by the owner. As before stated, it is not shown that efforts were being made by the owner to rent the premises, hence there was no mutuality of interest between her and plaintiff.

The decision of Willis v. Cahn et al., La. App., 164 So. 452, does not lend assistance to plaintiff's cause as contended. The injured claimant therein went to the premises of the defendant owner to deliver to the lessee occupant some money which the latter's employer had sent, and fell from the porch because of its defective balustrade.

Recovery against the owner was allowed. In the first place, the issue as to whether the claimant was an invitee or licensee was not involved. Secondly, he was obviously an implied invitee, this being by reason of the business relationship and mutuality of interest that existed between him and the occupant.

Counsel for plaintiff cites the cases of Hanover et al. v. Brady, 148 So. 267, and Heath v. Suburban Building & Loan Ass'n et al. 163 So. 546, decided by the Court of Appeal, Orleans Circuit, as authorizing recovery by a licensee from the property owner. In each of those cases the wife of the tenant of the property in question was injured because of its defective condition, and she sought damages from the owner. The court, in its opinion, referred to the wife as a licensee. This appellation, we think, was incorrectly and inadvertently employed. No issue was presented in either case respecting the liability of the owner of premises to a licensee as distinguished from his responsibility to an invitee. The consideration and discussion therein involved the distinction between the liability of a landlord to tenants under Civil Code articles 2693–2695 and the liability of a house owner to third persons under Civil Code articles 670 and 2322. It is also noticed that the injured person in each case was the wife of the tenant, and, clearly she was an implied, if not an express, invitee.

The trial court, in our opinion, has correctly ruled on the exceptions filed by defendants, and the judgment appealed from is affirmed.