Plaintiff's daughter, Frieda, age six years, while playing on the concrete driveway of property in the City of Shreveport, Louisiana, owned by the defendant, in some manner lost balance and fell against a piece of corrugated metal sheeting on top of a stack of lumber on said driveway, and her left cheek was incised for some two inches.
Plaintiff sued to recover damages for the use and benefit of his daughter and in his own name to recover the amount of hospital and physician's bills paid or for which he is obligated to pay in treating the child.
The suit is predicated upon the theory that the relationship of landlord and tenant existed between plaintiff and defendant.
On October 1, 1946, the defendant purchased the residence property bounded on the north by College Street, on the east by Line Avenue and on the south by an alley that opens into Line Avenue. The principal residence fronted easterly on the avenue. There is on the lots a small garage apartment west of said main residence, that faces southerly on the alley. The stairway to the upper part of the apartment leads from near the alley's north side.
The concrete driveway mentioned, extends from the south side of College Street to the north (rear) side of the garage apartment, the lower part of which was designed to accommodate two automobiles. West of *Page 465 
the driveway and to some extent west of the garage apartment, the area was vacant.
Some two years prior to defendant's acquisition of this property, L. E. Plitt, excepting the vacant lot, leased all of it, from the then owner and he and family occupied the main residence. The lease was by the month and oral. In April, 1946, he sub-leased the upper part or the living quarters of the apartment to plaintiff. He and his wife and two small children were living therein when the accident occurred.
Promptly after acquiring the property, defendant had the Office of Price Administration give to Plitt and plaintiff the customary six months notice to vacate the property and deliver possession thereof to him. The accident occurred prior to the expiration of said six months period.
Defendant contemplated making substantial repairs to and enlargement of said buildings and within thirty days after purchasing the property he began to acquire lumber for that purpose. A portion of the lumber, when delivered to the site, was, by his direction, stacked partially on the driveway, some eighteen feet north of the garage doors. The stack was about three feet high. As it would be five months before he could use the lumber, in order to protect it from damage from winter weather, he covered the stack with corrugated metal sheeting that extended over on all sides for several inches. It was against the metal on this lumber that the child fell.
Several different charges of negligence are leveled against the defendant which allegedly commit him to liability for the results of the accident. He alleged:
"That said defendant was negligent by reason of his failure to maintain the premises owned by him and occupied under sub-lease by petitioner, particularly said driveway, in a safe and unobstructed condition."
It is also alleged that he was further negligent in stacking the lumber on the driveway because he knew that plaintiff's small children, incapable of realizing the dangers thereof, daily played upon and along the said driveway; and in covering the lumber with sharp edged metal sheets that extended over all sides, thereby creating a condition highly dangerous to children, especially to petitioner's; in allowing several pieces of the timber to protrude beneath said covering over the driveway; that he further contributed to and aggravated the danger and peril to which said children were subjected by admonishing them and others to refrain from playing upon the lawn on the west side of the driveway which had newly been planted in grass, thereby, in effect, forcing said children to play upon the dangerous driveway if they played outside the building.
Defendant denied liability to plaintiff on account of the accident and specially denied that plaintiff was a tenant or sub-tenant of his at the time it occurred. Further answering, defendant alleged that plaintiff and the members of his family had no right to use the driveway from their apartment to College Street, but, on the contrary, the alley that ran in front of their apartment to Line Avenue was the sole and only entrance to and exit from the apartment they were entitled to use. He further alleges that the child when injured was a trespasser on the premises.
Plaintiff's demand was rejected and his suit dismissed at his cost. He appealed to this court.
A large part of the testimony has to do with whether plaintiff's children had the right to use, in any manner, the driveway. The record is quite clear as to what property Plitt leased to plaintiff. The lease embraced only the upper story or living quarters of the garage apartment, but as an incident to the contract Plitt did assent to the use of the driveway by plaintiff and the members of his family when it suited their convenience and/or purpose. Defendant's mail box was erected on College Street at the end of the driveway. Plitt assisted in the erection.
Plitt had no automobile of his own. He used the lower section of the apartment for other purposes. He did tell plaintiff that he could park his car on the driveway when his (Plitt's) brother-in-law was not doing so, but we are of the opinion that plaintiff did not often avail himself of this privilege. We are certain he did not do so to any extent after the lumber was stacked thereon. *Page 466 
The record unquestionably discloses that after plaintiff moved into the garage apartment his children and others freely played upon the vacant lot and upon the driveway without any objection from anyone, but after the vacant lot was planted in grass, they ceased to do so at defendant's request.
In view of the foregoing established facts, it is not true, as contended by defendant, that the child, when hurt, was a trespasser upon the driveway. In this court, alternatively, defendant argues that the status of the child was that of licensee.
It is certain that after defendant acquired the property he did not do anything, expressly or tacitly, to assume the status of landlord to Plitt or plaintiff. The record is barren of any testimony that could be construed to bring about that relationship.
As rent control by the Government was still in effect, plaintiff could not dispossess Plitt and the plaintiff before the expiration of six months. However, because of this enforced situation, it does not follow by implication that these men became his tenants or he their landlord. The record does not show to whom plaintiff paid rent. He did not pay it to defendant; neither does the record show to whom Plitt paid rent to the time he delivered possession of the main residence to defendant. One may occupy property and pay for such occupancy without being a tenant of anyone.
The notices to vacate were not predicated upon the existence of any contractual relation between defendant and Plitt or plaintiff. This was necessary in order to eject them from the property should they not remove therefrom voluntarily.
The relation of landlord and tenant can arise only from contract, either expressed or implied. We conclude that in legal contemplation plaintiff was not defendant's tenant or sub-tenant at any time. This conclusion renders inapplicable those articles of the Civil Code and decisions of courts, cited by appellant which relate to cases between landlord and tenant, with special reference to those pertinent to the former's duty to maintain the leased premises in safe condition.
Our appreciation of the facts of this case has led us to the conclusion that so far as concerns the question of the use of the driveway plaintiff and the members of his family were licensees by permission. This status arose when plaintiff leased the garage apartment from Plitt and it did not undergo change prior to the accident.
Restatement Of The Law, verbo Torts, § 330, defines a licensee as:
"A person who is privileged to enter or remain upon land by virtue of the possessor's consent, whether given by invitation or permission."
The general rule is that a licensee, whether by permission or otherwise, takes the premises as he finds them. The duty of the owner or possessor of premises to a licensee is lucidly discussed in Mills v. Heidingsfield et al., La. App., 192 So. 786, 789, by Judge Hamiter, then a member of this court. The following excerpts are taken from the opinion in that case, to-wit:
"A person is a licensee, according to 45 Corpus Juris, verbo, 'Negligence,' § 194, 'where his entry or use of the premises is permitted by the owner or person in control thereof, or by operation of law, so that he is not a trespasser, but is without any express or implied invitation. He therefore occupies a position somewhere between that of a trespasser and that of an invitee. A license is distinguished from an invitation in that the licensee is on the premises by sufferance only, and not by virtue of any business or contractual relation with, or any enticement, allurment, or inducement to enter held out to him by, the owner or occupant, but merely in his own interest and for his own purposes, benefit, convenience, or pleasure.' This statement of the rule appears to have been substantially approved and followed by the courts of this state. Bell v. Houston S. R. Co. et al.,132 La. 88, 60 So. 1029, 43 L.R.A., N.S., 740; Vargas v. Blue Seal Bottling Works, Ltd., 12 La. App. 652, 126 So. 707; Myers v. Gulf Public Service Corp., 15 La. App. 589, 132 So. 416; Platt et al. v. Bender et al., La. App., 178 So. 678."
* * * * * *
"Under the general law of negligence, a licensee takes the premises as he finds them. The owner thereof owes to him only the duty of refraining from injuring him wilfully, *Page 467 
wantonly, or through active negligence."
In the present case there is nothing to indicate, nor even is it suggested, that the child was injured by any wilful or wanton act of the defendant, and it is equally true that the accident did not occur from his active negligence.
For the reasons herein assigned, the judgment from which appealed is affirmed with costs.
 On Application for Rehearing.