CAVANAUGH, Judge.
This suit is by the plaintiff against the defendant and its insurer for damages for personal injuries suffered by him on February 24, 1950, when he was walking through the lumber yard of the defendant. Plaintiff predicates his claim for damages on the ground that, by permitting people who resided in the neighborhood of their plant to use the passageway through its stacks of lumber, which practice had been in existence for a long time prior to the accident and since the lumber yard was not fenced and not posted, for many years prior to the time of the accident persons residing on the street where plaintiff resided used this passageway in order to go to and from their home, the defendant, by permitting the use of its property in this manner, had acquiesced in the passageway’s being used by him and by other persons in the vicinity. On the night of the accident the plaintiff, in company with his common-law wife and another woman, had left- a saloon between 9. and 10 o’clock where plaintiff had been working with one Caesar, the owner of the saloon, on his books since 3 o’clock in the afternoon of that day. He had gone through this lumber- shed or yard that same day in going to Caesar’s saloon, and it was on his return during the night that he suffered the accident complained of. From the photographs of the premises on which the accident happened, it appears that there are two lumber sheds maintained by the defendant, and in the center aisle between these two sheds there is constructed a roller bed on which lumber is rolled and carried to and from the particular bin where it is stacked in or removed from the bin. The plaintiff, in reaching the passageway between these two sheds which extend parallel to one another, had to walk through one of the lumber bins to reach the open passageway where the roller bed is constructed and then walk along the side of this roller bed to the exit of the defendant’s premises; or, if he was walking in the opposite direction, he went through the bin to reach the passageway. It was while going through one of these lumber bins that the plaintiff claims the stack of lumber fell on his leg. He contends that the lumber wasn’t properly stacked; that two of the stacks were left unsupported and without the necessary stakes, or strips between each layer of lumber; that the defendant had negligently constructed and stacked the lumber'; and that in the normal course it would fall or might fall upon people who were permitted to use - the passageway
The defense to the suit is that defendant was in no wise negligent; that it had erected signs on the premises warning against trespassing or other unauthorized use of its premises; that its officers and employees did all they could to prevent the use of its property by trespassers or other unauthorized persons, but that in spite of all this, the plaintiff entered its premises on the night of the accident without its knowledge or permission, expressed or implied, and urged that the plaintiff was a trespasser. *161 The defendant further pleads that the plaintiff and his companions at the time of the accident were under the influence of intoxicating liquor and that at the time of the accident they were engaged in horseplay with one another and that either plaintiff or one of his companions ran into or struck the stack of lumber causing it to fall on plaintiff’s leg. In the alternative, defendant pleads contributory negligence on the part of plaintiff.
During the course of the trial, with consent of counsel, the Judge went to the lumber yard which was the scene of the accident to make his own observation of the lumber sheds, the bins, the stacks of lumber, and the passageway.
The evidence in the case conclusively shows that plaintiff, at the most, was a licensee at the time of the accident, and under the law the only duty owed to him by the defendant while he was on its premises was to refrain from wilfully or wantonly causing him injuries or of setting traps for him or of recklessly or wantonly exposing' him to danger.
The following is found in the case of Mercer v. Tremont & G. Ry. Co., La.App., 19 So.2d 270:
“These broad and general definitions of which we speak define a licensee as being one who enters upon the premises of another in the pursuit or furtherance of his own benefit, convenience, or pleasure. It is considered that such a person is removed from the status of a trespasser by the express or implied permission of the owner or possessor of the premises. This permission may be either specific or general and may arise either from express declaration by the possessor of the premises or from the mere following of a custom which has been established to the knowledge of the possessor and accepted or acquiesced in by him. By way of illustration, it would appear that a person who, in traveling from one point to another, requests and receives the permission of the owner of a tract of land to cut across such- tract in , -order to shorten the traveler’s distance between two- points, becomes a licensee of the possessor of the premises. Under the same conditions where permission is neither expressly asked nor granted, nonetheless, the usé by numbers of persons of a trail or a passage, if such use be known and permitted by the possessor of the premises, fixed the status of all those who pas's in such manner as that of licensees.”
Assuming then that defendant had even known that the passageway through its premises was being.used by plaintiff, his status could not have been greater than that of a licensee. The only obligation then due by defendant to plaintiff was not to wantonly or wilfully injure him, or to set a trap for him or recklessly or wantonly expose him to danger. The plaintiff says that some of the lumber in this bin had been removed on the day this accident happened, and the remainder wasn’t stacked properly or as methodically as some in the adjacent stacks.in the same shed, and.it is while plaintiff was going on and over this stack of lumber that he suffered the injuries. The place where plaintiff and other pedestrians using this passageway would pass through these bins would not be the same at all times and would depend on where lumber had been partially removed from one of these bins and where a space was left large enough to go through. If plaintiff’s version of defendant’s obligation to him in a situation like this in a lumber yard or shed were followed, the defendant, at the end of the day’s work, would have to send a policing crew around to see that its lumber was securely stacked and would provide a licensee, who selected his own way across these piles of lumber when he sought to use the passageway, with absolute safety. This is not the law.
“The general rule is that a licensee, whether by permission or otherwise, takes the premises as he finds them. The duty of the owner of possessor of premises to a licensee is lucidly discussed in Mills v. Heidingsfield et al., *162 La.App., 192 So. 786, 789, by Judge Hamiter, then a member of this court. The following excerpts are taken from the opinion in that case, towit:
“‘A person is a licensee, according to 45 Corpus Juris, verto, “Negligence”, § 194, “where his entry or use of the premises is permitted by the owner or person in control thereof, or by operation of law, so that he is not a trespasser, but is without any express or implied invitation. He therefore occupies a position somewhere between that of a trespasser and that of an invitee. A license is distinguished from an invitation in that the licensee is on the premises by sufferance only, and not by virtue of any business or contractual relation with, or any enticement, allurement, or inducement to enter held out to him by, the owner or occupant, but merely in his own interest and for his own purposes, benefit, convenience, or pleasure.” This statement of the rule appears to have been substantially approved and followed by the courts of this state. Bell v. Houston & S. R. Co. et al., 132 La. 88, 60 So. 1029, 43 L.R.A.,N.S., 740; Vargas v. Blue Seal Bottling Works, Ltd., 12 La.App. 652, 126 So. 707; Myers v. Gulf Public Service Corp., 15 La.App. 589, 132 So. 416; Platt et al. v. Bender et al., La.App., 178 So. 678.
******
“ ‘Under the general law of negligence, a licensee takes the premises as he finds them. The owner thereof owes to him only the duty of refraining from injuring him wilfully, wantonly, or through active negligence.’ ” Salter v. Zoder, La.App., 37 So.2d 464.
The Trial Judge, under the evidence, found the plaintiff to be a trespasser, and, under the conflicting evidence in the case, we think he was right. But if'.this Court and the Trial Court are both wrong, in finding that under the evidence plaintiff was a trespasser, he was at least a licensee. He was not an invitee.
The case relied upon by the plaintiff, Buillard v. New Orleans Terminal Co., La.App., 166 So. 640, is not appropriate here, because the plaintiff and several hundred of his fellow employees customarily passed over the railroad bridge owned By the defendant on their way to and from work, and, while the defendant was on the bridge, and without warning, the bridge was opened to allow a ship or boat to pass underneath it, when the plaintiff jumped from the bridge and suffered a broken leg. In that case the Court held that was a trap.
The plaintiff, being at most a licensee, accepted the premises as they were at the time of the accident, and defendant was under no obligation to provide him with a safe passageway, and the danger should have been obvious to him, while making his way over or through the pile of lumber in the bin, during the nighttime.
We find no manifest error in the judgment of the Lower Court, and, for that reason, the judgment is affirmed.