YARRUT, Judge.
Defendant appeals from a judgment of the district court awarding plaintiff $330.00 medical expenses, and $2500.00 for the use and benefit of his minor son, a first-year high-school student, who was injured when riding a bicycle on a private shell-road located on Defendant’s property, which it occupied as lessee.
The boy was injured when he turned into the road and struck an iron pipe (2 inches in diameter) which spanned the road near the point where the boy entered. The pipe was on a level with the boy’s eyes. The boy suffered injury to hi: mouth and teeth.
Defendant is engaged in the sale and maintenance of oil field supplies, including fittings, valves, pipes and drilling equipment.
Mr. Shelby L. Ware, store manager for Defendant, explained the location and character of the shell service road and its use, viz:
“Q This was on the property leased by your company, is that correct?
“A That’s correct.
“Q Now, what was the general purpose for that roadway there?
“A So that we would have — it was moored and we had to have a solid driveway so we covered it with shells, so we would have a place for trucks to come in and for the pickups to park.
“Q Did trucks come along side of your property to pick up supplies ?
“A Correct.
“Q Did these supplies include pipe?
“A It did.
“Q Now, Mr. Ware, this roadway does it run between the north service road of the West Bank Expressway and the back of your property ?
“A Correct, it does.
*186 “Q My point is, or my question is, does it run parallel to your side property line or does it run in a slant ?
“A It runs parallel to’ the property line and parallel to the building.
“Q In other words, it’s not slanted westerly toward the west line of your property?
“A No.”
The son and his sister did enter the service road solely as a short-cut to a store around the corner to purchase a turtle at a pet and feed store, not on any mission for business with Defendant.
Defendant first denied any negligence of its own and then, in the alternative, pled the contributory negligence of Plaintiff’s son, viz:
1. Ti-espassing on the property of defendant.
2. Riding a bicycle through areas of work activity on defendant’s land.
3. Not looking where he was going.
4. Skylarking and not keeping control of his bicycle.
5. Not staying on the public streets and sidewalks.
We quote pertinent excerpts from the “reasons for judgment” of the district court. While we agree with most of his conclusions of fact, we disagree with his legal conclusions drawn therefrom :
“Assuming, arguendo, that plaintiff’s son was a trespasser, placing a pipe across the roadway constituted wanton negligence. Consideration of all physical facts leads to this conclusion.
“Ninth Street behind the defendant’s building was not improved. But there was a roadway of sorts leading to the roadway through defendant’s premises. There were no signs or other indication that the roadway through defendant’s premises was private or different from the Ninth Street roadway. The public road simply led into it. As young Vincent approached on Ninth Street, he was proceeding parallel to the pipes on the racks. As he turned, he was immediately confronted with a pipe between the racks. Regardless of the reasons why the pipe was there, it had not been there on any prior occasion when the neighborhood children used the roadway. There was no sign or other object on t'.: pipe to attract attention. Nor was there any reason for the boy to be on the lookout for a pipe across the road between the racks. A pipe across a roadway just high enough to strike a boy on a bicycle in the mouth, is a trap, particularly when it is in such a position it cannot be distinguished until the person is right on it.
“Although there is testimony that young Vincent and his eleven year old sister were racing on their bikes, such' fact alone is insufficient to warrant the conclusion that young Vincent was negligent or that he was exceeding the vehicular speed limit or a safe speed under a change of conditions unknown to him. It would be sheer guesswork to-assume Vincent was traveling at any particular speed and attempt to set or determine a lesser speed at which he may or may not have seen the pipe across the roadway. Considering the physical factors, the pipe was a hidden trap.”
Under the general law of negligence a “licensee” takes the premises as he finds them. The owner owes him only the duty of refraining from injuring him wilfully, wantonly, or through active negligence. Barrilleaux v. Noble Drilling Corporation, La.App., 160 So.2d 319; Malatesta v. Lowry, La.App., 130 So.2d 785; Alexander v. General Accident Fire & Life Assurance Corp., La.App., 98 So.2d 730; Salter v. Zoder, La.App., 37 So.2d 464.
*187 A bicyclist is subject to the general law of the state relative to the use of vehicles on the highways. Hence, when turning into and entering Defendant’s private roadway, it was the son’s duty to do so at proper speed and proper lookout.
We cannot agree that the pipe was a latent or hidden danger. It was so located that anyone entering the road in a proper manner could have seen it. However, assuming arguendo that Defendant was guilty of primary negligence, it is clear that the son, of high-school age, was guilty of contributory negligence. A child of that age can be chargeable with contributory negligence. Lawrence v. Core, La.App., 132 So.2d 82; Fontenot v. Freudenstein, La.App., 199 So. 677.
The negligence of a minor son residing with his father is imputed to the father precluding his recovery for individual damages as well. Curry v. Fendt, La.App., 94 So.2d 164.
The testimony of the son’s sister who was riding on her bicycle along side of him is significant, viz:
Q. “How fast were you and your brother riding your bikes at the time? ”
A. “I don’t know, but pretty fast.”
Q. “Pretty fast?”
A. “Yes sir.”
******
Q. “And where had you started your race with your brother ? ”
A. “Well, we went down First Street to the corner of Ninth Street, and then we were about half way up Ninth1 Street and I said ‘I’ll race you.’ Then we started going as fast as we could.”
Q. “You kept on going until you had the accident ? ”
A. “Yes, sir.”
Q. “He won the race? ”
A. “Yes.”
The case of Taylor v. Baton Rouge Sash & Door Works, Inc., La.App., 68 So.2d 159, is a case directly in point, in which the court commented:
“Assuming then that defendant had even known that the passageway through its premises was being used by plaintiff, his status could not have been greater than that of a licensee. The only obligation then due by defendant to plaintiff was not to wantonly or wilfully injure him, or to set a trap for him or recklessly or wantonly expose him to danger. The plaintiff says that some of the lumber in this bin had been removed on the day this accident happened, and the remainder wasn’t stacked properly or as methodically as some in the adjacent stacks in the same shed, and it is while plaintiff was going on and over this stack of lumber that he suffered the injuries. The place where plaintiff and other pedestrians using this passageway would pass through these bins would not be the same at all times and would depend on where lumber had been partially removed from one of these bins and where a space was left large enough to go through. If plaintiff’s version of defendant’s obligation to him in a situation like this in a lumber yard or shed were followed, the defendant, at the end of the day’s work, would have to send a policing crew around to see that its lumber was securely stacked and would provide a licensee, who selected his own way across these piles of lumber when he sought to use the passageway, with absolute safety. This is not the law.
“The general rule is that a licensee, whether by permission or otherwise, takes the premises as he finds them. The duty of the owner or possessor of premises to a licensee is lucidly discussed in Mills v. Heidingsfield et al., *188 La.App., 192 So. 786, 789, by Judge Hamiter, then a member of this court.” 68 So.2d at 161-162.
Pretermitting any question of Defendant’s primary negligence, but assuming arguendo its existence, the 12-year old high-school son was guilty of contributory negligence, and had the last chance to avoid striking the pipe had he not turned into the private roadway of Defendant while engaged in a bicycle race with his sister, and had kept a proper lookout.
The judgment of the district court is reversed, and judgment rendered in favor of Defendant dismissing Plaintiff’s suit; Plaintiff to pay costs in both courts.
Reversed.