SAVOY, Judge.
Appellant instituted this suit as natural tutrix of her minor child against appellees, Louis Marcantel and his insurer, American Equitable Assurance Company of New York.
*6 For a cause of action appellant alleged that the home of Louis Marcantel burned on the morning of March 8, 1964, resulting in a complete loss thereto; and that although Marcantel was informed of the loss of his home, he made no attempt to see that the fire was completely and properly put out, even though he knew or should have known that there were small children living in the neighborhood.
Appellant also alleged that on the afternoon of March 8, 1964, the minor child, Jo Ann Bourque, born December 14, 1953, wandered on the premises where the burned house formerly stood and fell in a hole full of hot embers, severely burning and injuring the minor; and that on the date of the accident Marcantel was a city fireman employed by the City of Lake Charles Fire Department.
Appellant further alleged that the sole and proximate cause of the accident was the negligence of Louis Marcantel in the following particulars:
“a. Failing to see that the fire which had burned his home was completely extinguished so that it would be safe, in the light that small children were in the neighborhood, particularly in view of the fact of special knowledge on the part of said Louis Marcantel.
“b. Failure to take the necessary precautions in extinguishing a fire, especially in view of the fact of special knowledge on the part of Louis Mar-cantel, in that he was a city fireman experienced in such matters.
“c. Failure to properly supervise and police the premises under existing circumstances, especially in view of special knowledge on the part of Louis Marcantel.”
Appellees filed an exception of no right of action and an exception of no cause of action stating that the petition alleged no facts which, under the law, establish any negligence on the part of Louis Marcantel; and further, clearly alleged the contributory negligence of the minor, aged 9 years and 2 months, in walking onto the property of Marcantel and over the burned area within a few hours after the fire had occurred, which act it is alleged caused her injury, namely, that she fell in a hole of hot embers in the area.
After a hearing on the exceptions, the trial court maintained the exception of no cause of action, and allowed appellant twenty days to amend her petition. She failed to amend within the required time, and judgment was rendered and signed by the trial judge, dismissing appellant’s suit. This appeal followed.
In sustaining the exception of no cause of action, the district judge, in written reasons for judgment, found that appellant’s petition did not allege facts which, if proven, would establish any negligence on the part of Marcantel. He also found the minor guilty of contributory negligence. The court found that at the time of the accident the minor was 10 years 3 months of age (she was born on December 14, 1953, and the accident occurred on March 8, 1964).
We are of the opinion that the dismissal of the suit on an exception of no cause of action was correct.
The minor entering the Marcantel premises was either a trespasser or a licensee. The petition specifically alleges that she “wandered onto the premises” (Article 6), and there are no facts alleged by reason of which she may have been an invitee. Under similar circumstances, the courts have felt justified in considering that the person on the premises was not an invitee for purposes of ruling upon an exception of no cause of action, where the pleading’s allegations of fact indicate a non-invitee status. Potter v. Board of Commissioners of Port of New Orleans, (La.App., 4 Cir., 1963), 148 So.2d 439; Mills v. Heidingsfield, (La.App., 2 Cir., 1939), 192 So. 786, writs denied; and, *7 Buchanan v. Chicago, R. I. & P. Ry. Co., 9 La.App. 424, 119 So. 703.
Since the minor was, at most, a licensee, Marcantel was under no legal duty to extinguish the fire or to maintain a watch over the burned premises.
It is well settled under our jurisprudence that the owner of property owes no duty to a trespasser except to refrain from wilfully or wantonly injuring him, and as to a licensee, there is no duty except to refrain from injuring him wilfully, wantonly or through active negligence. Salter v. Zoder, (La.App., 2 Cir., 1948), 37 So.2d 464, annulled on other grounds, 216 La. 769, 44 So.2d 862; Alexander v. General Accident Fire & Life Assurance Corp., (La.App., 1 Cir., 1957), 98 So.2d 730, writs denied, February 10, 1958; Taylor v. Baton Rouge Sash & Door Works, (La.App., 1 Cir., 1953), 68 So.2d 159; Mills v. Heidingsfield, supra; and, Buchanan v. Chicago, R. I. & P. Ry. Co., supra.
We may add that in brief counsel for appellant expressly states that the doctrine of attractive nuisance is not applicable to the case, and that the basis of the petition is simply negligence on the part of Mar-cantel in leaving unguarded still-burning embers at his home-site when there were small children in the neighborhood. The petition simply alleges that the child “wandered onto the premises” and fell into a hole full of burning embers. The trial court noted the absence of allegations raising a possible attractive nuisance theory and gave the plaintiff twenty days to amend before dismissing the suit. The plaintiff failed to amend during this period, apparently being of the opinion as stated by brief in this court that the facts do not warrant application of the attractive nuisance theory of recovery. Cf.: Slaughter v. Gravity Drainage District No. 4, (La.App., 3 Cir., 1962), 145 So.2d 50; Holland v. Vidrine, (La.App., 3 Cir., 1961), 133 So.2d 809; and, Beasley v. Guerriero, (La.App., 2 Cir., 1960), 123 So.2d 774, 86 A.L.R.2d 703.
Having concluded that there was no negligence on the part of Marcantel, it is not necessary to discuss the question of contributory negligence.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s cost.
Affirmed.