PRICE, Judge.
Plaintiff has appealed from the judgment of the district court rejecting his demands for damages against the liability insurer of Algie D. Brown, owner of the premises on which plaintiff sustained a fall, allegedly because of a hazard existing on the premises.
*618 Victor D. Johnson was the lessee of Jack Ruben, of the premises situated on Lot 14 of the E. B. Herndon Subdivision of the City of Shreveport. Lot 15 of this subdivision, lying adjacent and to the south of Lot 14, is owned by Algie D. Brown. Mr. Brown was insured against any liability resulting from the ownership and maintenance of his premises by the defendant, Traders and General Insurance Company. The driveway serving Lot 15 is very near the property line of Lot 14 with only a foot or two lying between the north edge of the drive and the property line.
Plaintiff alleged in his petition that on March 15, 1968, he walked from his leased apartment on Lot 14 and started toward the street, intending to go in a southerly direction down Irving Place toward Hern-don Avenue. It is alleged that instead of proceeding down the sidewalk from his residence to the street sidewalk along Irving Place, plaintiff started to cut across the driveway and yard on Lot 15, which is on the corner of Irving Place and Herndon Avenue. It is further alleged that as he neared the driveway he stumbled on an iron pipe protruding some two or three inches out of the ground and fell onto the paved portion of the drive, causing injuries to his head and a broken hip.
Suit was filed against both Jack R. Ruben as owner of Lot 14 and Traders and General Insurance Company as liability insurer of the owner of Lot 15. It was alleged that there was a dispute as to whether the iron pipe was on Lot 14 or 15, and, therefore, the responsible party for each lot was joined to the action.
Surveys of the property disclosed the pipe to be solely on Lot 15 and by joint motion the suit was dismissed as against Jack R. Ruben. The owner of Lot 15 is charged with negligence by failing to maintain his premises in a safe condition and in allowing the partially hidden rusty pipe to form a trap for persons using the driveway as a walkway from Lot 14 to the sidewalk in front of these two lots. He is further charged with negligence in not removing the pipe or warning persons of its presence by a barrier or other appropriate sign. Defendant in answer to plaintiff’s allegations denied that plaintiff fell on the pipe or that its insured was guilty of any negligence. Contributory negligence on the part of the plaintiff was plead in the alternative, based on plaintiff’s act in leaving the normal sidewalk and cutting across the defendant’s insured’s yard when it was not necessary to do so, and by failing to keep a proper lookout.
After trial on the merits, for reasons orally assigned the trial judge dismissed the demands of the plaintiff. Appellant complains of error on the part of the trial court in excluding certain testimony of a witness who came to the assistance of the plaintiff after his fall. Randolph Taylor was working on the demolition of a residence across the street and was summoned by an unidentified lady who first discovered the plaintiff lying in the driveway unable to get to his feet. These two parties assisted the injured plaintiff into his apartment. Plaintiff sought to prove by the testimony of Taylor that he declared to Taylor that he fell after he tripped on the iron pipe. The trial judge ruled that this testimony was hearsay evidence and inadmissible. Counsel for plaintiff sought to make an offer of proof in accordance with LSA-C.C.P. art. 1636 and was allowed to dictate into the record what he intended to prove by the testimony of this witness.
The second assignment of error alludes to some of the reasons given by the trial judge in rendering his oral opinion. As these reasons are not contained in the record, they are, therefore, not to be considered on this review.
We do not find it necessary to pass on the correctness of the trial judge’s exclusion of the evidence complained of in appellant’s assignment of errors. This evi *619 dence related only to the plaintiff’s attempt to prove that the iron pipe was the cause of his fall. Whether the plaintiff tripped on the iron pipe would be material to the resolution of this matter only if defendant’s insured owed any duty under the law to plaintiff. From the evidence in the record of this case, we have concluded that Mr. Brown, the owner of Lot 15, has breached no duty owed to the plaintiff-appellant in this case.
In the case of Alexander v. General Accident Fire & Life Assurance Corp., La. App., 98 So.2d 730, (1st Cir., 1957), the court reviewed the three classes of persons who enter upon lands or property belonging to another and the duty owed to each class, as follows:
“(1) A trespasser is one who enters the premises without the permission of the occupier or without a legal right to do so; and towards the trespasser no duty exists in most instances except to refrain from willfully or wantonly injuring him.
“(2) A licensee is one who enters the premises with the occupier’s express or implied permission, but only (according to the conventional description) for his own purposes which are unconnected with the occupant’s interests; and to him in addition to the duty owed to a trespasser, is owed the duty of warning the licensee of latent dangers of the premises if actually known by the occupier.
“(3) An invitee is a person who goes on the premises with the express or implied invitation of the occupant on the business of the latter or for their mutual advantage; and to him, the duty owed is that of reasonable and ordinary care, which includes the prior discovery of reasonably discoverable conditions of the premises that may be unreasonably dangerous, and correction thereof or a warning to the invitee of the danger.” [98 So.2d 730, 731-732]
 The most favorable classification that could be accorded to the plaintiff under the facts of this case is that of a licensee. Assuming that plaintiff could establish that he was a licensee on the premises of Mr. Brown, he takes the premises as he finds them and the only obligation owed to him, under the jurisprudence of this state, is to refrain from injuring him willfully, wantonly, or through active negligence. Alexander v. General Accident Fire & Life Assurance Corp., supra; Barrilleaux v. Noble Drilling Corp., La.App., 160 So.2d 319 (4th Cir., 1964); Vincent v. Superior Iron Works & Supply Co., La.App., 170 So.2d 184 (4th Cir., 1964); Mills v. Heidingsfield, La.App., 192 So. 786 (2d Cir., 1939).
Appellant in brief urges that the iron pipe constituted a latent defect on the premises involved as it was in the nature of a trap or pitfall at a place where the presence of a neighbor might have been anticipated. It is admitted by appellant that the law would require actual knowledge of the latent defect by the landowner to create any liability. He further admits that the evidence reflects that Mr. Brown did not have actual knowledge of the condition but should be held to have constructive notice of same as the pipe should have been discovered by the owner or some employee in the process of mowing the lawn. We cannot attribute notice to the owner on this basis. The photographs placed in evidence reflect that the yard in question was almost barren of grass as it was surrounded by large trees. The photos further reveal that it would not have been easy to see the pipe from a visual inspection of the premises. In fact, the plaintiff testified that he had never seen the pipe at any time prior to his fall, and he apparently walked in the immediate area where it was situated.
For the foregoing reasons, we find that the judgment of the district court rejecting the plaintiff’s demands was correct. It is therefore ordered that the judgment appealed from be affirmed at appellant’s cost.