LANDRY, Judge.
Appellant, Mrs. Freddie M. Roberts, complains of the action of the trial court in rejecting her demands for personal injuries, medical expense and property loss sustained and incurred by her minor son, Stanley, in a collision between her son’s motorbike and an automobile driven by defendant John Noel Dyer. It is conceded Dyer was acting within the scope and during the course of his employment with defendant Crown Zellerbach Corporation at the time of the mishap. Also made defendants are Crown and Crown’s liability insurer, Pacific Indemnity Company. The trial court absolved defendant Dyer from negligence proximately causing the accident. We affirm the result reached below.
The accident occurred at approximately 2:30 P.M., December 22, 1965, on Columbia Road in the business district of the City of Bogalusa. At the accident scene Columbia Road runs in a northerly-southerly direction. In effect Columbia Road is a four-lane highway, two of which lanes are devoted to parking as hereinafter shown. The easternmost traffic lane (ordinarily the 'right or outside northbound lane) is devoted to the angular parking of vehicles patronizing business establishments on the east side of Columbia Road. In this lane vehicles park at an angle of 45-50 degrees to the centerline of the street. The left or inside northbound lane is devoted to northbound traffic. The northbound and southbound lanes are separated by double yellow lines which prohibit both northbound and southbound motorists from passing other cars proceeding in the same direction. The westernmost of the four lanes (the right or outside southbound lane) is reserved for parallel parking. The left or inside southbound lane is for vehicle's traveling southerly.
*904 Mr. Dyer was angle parked in the easternmost lane and proceeded to back out from the curb to proceed northerly. While so engaged his vehicle was struck near its left rear taillight by young Roberts who was proceeding northerly in the northbound lane. Approximately 300 feet south of the site of the accident, Third Street intersects Columbia Road. The intersection is controlled by a traffic light.
Defendant Dyer testified in essence that he was familiar with traffic conditions at the scene. He explained that it is difficult for an angle parked motorist to back out at this particular point unless the light at Third Street is red to halt the flow of northbound traffic. He stated that he entered his vehicle, waited until the light at Third Street was red to northbound automobiles and looked to the south to be sure no vehicles were approaching. He also stated he had a clear view to the south because three or four “stalls” immediately south of his vehicle were empty. After ascertaining that no vehicles were approaching from the south, he backed out into the northbound lane and came to a stop. He stated further he was in the act of moving his arm to change his gear lever from reverse to forward gear when his car was struct by plaintiff’s motorbike. Mr. Dyer conceded that he never saw plaintiff approaching from the south. He also averred his vehicle was virtually parallel to the centerline of the street when the impact occurred.
Plaintiff testified he was traveling at a speed of approximately 25 miles per hour accompanied by a guest passenger acquaintance, Gerald Ray Himebaugh, and being followed by another acquaintance, Sidney Bracey, who was traveling on his own motorbike. Plaintiff stated that just prior to the accident he had been traveling south on Columbia Road but on approaching the intersection of Third Street, he noted the light was red and three or four cars had stopped waiting for the light to turn green. He also stated he then checked and observed no traffic proceeding northerly so he made a U-turn, reversed his direction of travel, and proceeded northerly along Columbia Road. Plaintiff also testified that after traveling an estimated 200 feet in a northerly direction, defendant’s car backed out when plaintiff was only 15-20 feet away. Plaintiff stated he checked the southbound lane and observed an oncoming vehicle and therefore had no choice except to strike defendant’s car. Plaintiff conceded he did not apply his brakes, his explanation was there was not sufficient time. Plaintiff maintains he was keeping a proper lookout. His testimony as to the time he first saw defendant’s vehicle is conflicting to say the least. At times plaintiff testified he saw defendant’s car when he was about 20 feet distant. At other points in his testimony plaintiff stated he first saw defendant’s car at the time of impact. At another point he admitted he did not know whether defendant’s vehicle was already backed out and standing still at the time of impact or was yet in motion.
In essence Gerald Ray Himebaugh testified he did not observe very much because he was “bent over behind the motorcycle” to keep the wind out of his face. On looking up, however, he noted defendant’s car backed out about 20 feet ahead. Because of southbound traffic, he felt there was nothing his host driver could do except strike defendant’s car. Himebaugh also stated he did not know when defendant commenced backing out. He was of the opinion defendant’s car was about three-fourths into the northbound lane at the moment of impact. He also stated he was watching Dyer and noted that Dyer did not turn around to look to his rear.
Plaintiff’s acquaintance, Sidney Bracey, testified he was following plaintiff at about 15 miles per hour. He estimated plaintiff’s speed at 20 miles per hour. Bracey also stated that, although he witnessed the accident, he did not so inform the police at the scene because he was “afraid”. Bracey further stated that he observed defendant’s backing vehicle just in time to stop but *905 that plaintiff being closer did not have time to stop. According to Bracey, Dyer was looking backward and easing his car into the northbound lane. He also stated defendant was not quite halfway into the lane at the moment of impact.
Miss Brenda Harris, guest passenger in a southbound vehicle, testified she observed the entire sequence of events which she narrated as follows:
“We were traveling South on Columbia Street and three boys on two motorbikes passed by us and cut over in front of us so we stopped because we didn’t know what they were going to do and they went on up and made a U-turn, we were still stopped when they made the U-turn, and this gentleman sitting over here had backed out of the parking lot, the parking space, and he was stopping and the motorbike ran into him. The two boys that was on the front bike, when they made the U-turn, they both turned around to see if the other boy was following them and while they turned around they ran into the back of the station wagon.”
Mr. Bert Crasey, an insurance adjuster testified that he took a statement from plaintiff on December 29, 1965, while plaintiff was still recuperating in a hospital. Crasey stated that plaintiff told him that plaintiff had turned his head for a second and when he looked ahead again he saw a car had backed out in front of him just a few feet away. Plaintiff, Hime-baugh and Bracey all denied that plaintiff was looking to his rear immediately before the collision.
The accident was investigated by. Officer Kenneth Barlow. He stated in essence that both plaintiff and Dyer acknowledged that neither saw the other before the accident. He also stated that plaintiff indicated the spot where plaintiff made the U-turn which point was forty paces from the situs of the collision.
Appellant maintains the trial court erred in exonerating Dyer from negligence and failing to render judgment in appellant’s favor.
Assuming purely for argument’s sake, Dyer was negligent under the circumstances, plaintiff’s own contributory negligence bars his recovery. Theunissen v. Guidry, 244 La. 631, 153 So.2d 869.
The driver of a vehicle must constantly maintain a vigilant and alert forward lookout. Vincent v. Superior Iron Works and Supply Co., La.App. 170 So.2d 184.
Roberts’ testimony alone is sufficient to convict him of contributory negligence. In essence he stated he did not see the Dyer vehicle until the collision was imminent. The evidence preponderates in favor of the conclusion that Dyer backed out slowly from his parked position. Moreover, the testimony and certain photographs introduced in evidence to show the point where defendant’s vehicle was struck indicate defendant’s car was virtually parallel with the roadway when the collision occurred. Had Roberts been maintaining a lookout ahead there is no reason why he should not have seen defendant’s automobile in time to stop. Most significant is the testimony of the completely disinterested witness, Miss Harris, that Roberts was looking backward at the moment of impact. Roberts’ inattention was negligence. It was a cause in fact of the accident. It was also a proximate cause of the accident.
The judgment of the trial court is affirmed at appellant’s cost.
Affirmed.