83 So.2d 538 (1955)
Emmitt B. CRITTENDEN, Plaintiff-Appellant,
v.
The FIDELITY & CASUALTY COMPANY OF NEW YORK, Defendant-Appellee.
No. 8424.
Court of Appeal of Louisiana, Second Circuit.
November 2, 1955.
*539 Godfrey & Edwards, Many, for appellant.
Julian E. Bailes, Natchitoches, for appellee.
GLADNEY, Judge.
This action against the public liability insurer of W. C. Warmack is for damages for injuries received by plaintiff when he sustained a fall on the Warmack porch due to a chair slipping from under him as he attempted to sit down. Negligence is charged in two respects: first, in the use of unsafe furniture on the slick surface of the porch; and, second, in failure to warn plaintiff of the unsafe nature of the premises. The defense relies on a general denial of the material allegations of the petition, and, alternatively, on a plea of contributory negligence. Trial on these issues resulted in a judgment rejecting plaintiff's demands.
The material facts are almost entirely free from dispute. Crittenden, a carpenter aged forty-five years, on the morning of May 12, 1954, visited the Warmack residence to discuss a pending business matter with Warmack, who, at the time, was not at home. Plaintiff pulled forward a porch chair and as he lowered himself onto the front edge of the chair, the base slipped on the smooth waxed concrete surface of the porch, thereby causing plaintiff to fall in a precipitant manner. Unquestionably, plaintiff sustained a serious injury in the fall as vertebrae fused through surgery were dislocated.
Crittenden said that in seating himself he grasped both arms of the chair and lowered himself normally into the seat. M. C. Eason and J. C. Lewis, eye witnesses to the incident, testified plaintiff attempted to seat himself on the forward or front edge of the chair, which caused it to tilt forward and slide backward. Plaintiff admitted he had waxed the Warmack porch floor about two weeks prior to the accident.
Photographs show the chair in question to be of a common type of porch chair made from curved tubular metal, the arms of which turn downward and do not make contact with the floor as straight chair legs would do, but curve backward and downward so as to make contact with the floor several inches to the rear from the point where they are attached to the seat. The trial court in its reasons for judgment, observed:
"Although the plaintiff has alleged that this type chair is a lawn chair, it is widely and extensively advertised and used as a lawn and porch chair. It is also used extensively on patios in the yard. Porch furniture is subjected to the ordinary ravages of weather and *540 although a steel chair might more easily slip on waxed surfaces, it certainly is advantageous to use this type of chair. * * * Many porches are waxed to preserve them from the hazards and ravages of weather and chairs of this kind are often used as shown by the evidence of Mr. Lilley in this case and the photographs which have been introduced in evidence."
Testimony was adduced disclosing that one dealer in Many, the community in which Mr. Warmack lived, has sold about eight hundred of this kind of chair and that some twenty-six or more had been observed upon porches of residences in Many. Plaintiff admitted that on other occasions he had sat in chairs similar to the one herein involved.
The questions arise, therefore: was the chair inherently dangerous, or was it improperly used? The duty of the owner of the premises to an invitee is not to insure him against the possibility of accident, but is to exercise reasonable or ordinary care for his safety commensurate with the particular circumstances involved. The Supreme Court of Louisiana in Lopes v. Sahuque, 114 La. 1004, 38 So. 810, 812, has defined negligence:
"Negligence consists in the neglect of the use of ordinary care or skill towards a person to whom the defendant owes the duty of observing care or skill, to avoid a danger which should have been foreseen, by reason of which neglect the plaintiff, without contributory negligence on his part, has suffered injury to his person or property. * * *"
The character of the defect or danger upon which liability of the owner of premises to invitees is predicated, is comprehensively treated in 65 C.J.S., Negligence, § 50, p. 541:
"The duty to keep premises safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee, and would not be observed by him in the exercise of ordinary care. The invitee assumes all normal, obvious, or ordinary risks attendant on the use of the premises, and the owner or occupant is under no duty to reconstruct or alter the premises so as to obviate known and obvious dangers. * * *
"The basis of the inviter's liability for injuries sustained by the invitee on the premises rests on the owner's superior knowledge of the danger, and as a general rule he is not liable for an injury to an invitee resulting from a danger which was obvious or should have been observed by the invitee in the exercise of reasonable care, or from a condition which was as well known or as obvious to the invitee as to the inviter, or which the inviter had no reason to believe would not be discovered by the invitee. There is no duty to warn the invitee of any defect or danger which is as well-known to the invitee as to the owner or occupant, or which is obvious or which should be observed by the invitee in the exercise of ordinary care. However, even though the invitee has knowledge of the danger, or the defect is obvious, the duty of the owner or occupant to use reasonable care to keep the premises reasonably safe for invitees remains, and it runs concurrently with the duty of the invitee to protect himself, so that, where the invitee does not fully appreciate the danger or is without fault, the owner or occupant may be held liable for the injury."
There are no circumstances in this case which required of the insured special care toward plaintiff. Crittenden entered Warmack's porch of his own accord. He was entirely familiar with the premises, having himself waxed the floor two weeks before and he had not only had occasion to observe the porch chair in question, but had actually seated himself in similar furniture. Obviously, Mr. and Mrs. Warmack had no more knowledge of any inherent danger in the use of the chair than plaintiff *541 had himself. There should be, therefore, no reasonable basis for requiring a warning from Mr. or Mrs. Warmack since plaintiff was entirely familiar with the chair and knew that the porch was waxed.
Accordingly, we find no evidence of negligence on the part of the owner of the premises. We are convinced the sole and only cause of the accident was the improper manner in which Mr. Crittenden seated himself in the chair. In view of our holding that the negligence by the insured has not been proven, it is unnecessary to discuss defendant's plea of contributory negligence.
The judgment from which appealed, is, therefore, affirmed.