98 So.2d 730 (1957)
Mrs. J. N. ALEXANDER, Plaintiff-Appellant,
v.
GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORP., Defendant-Appellee.
No. 4514.
Court of Appeal of Louisiana, First Circuit.
November 19, 1957.
Rehearing Denied December 23, 1957.
Writ of Certiorari Denied February 10, 1958.
*731 Joel B. Dickinson, Baton Rouge, for appellant.
Seale, Kelton & Hayes, Donald V. Organ, Baton Rouge, for appellee.
TATE, Judge.
While a house guest of her son-in-law, plaintiff, a 76-year-old lady, fell and sustained fairly severe injuries. These form the basis for plaintiff's claim by this suit to recover damages from her son-in-law's insurer under a comprehensive personal liability policy. She appeals from adverse judgment dismissing her suit.
The place of plaintiff's fall was upon a "runner" or rug running the twenty-foot length of a hall in her son-in-law's residence. This carpet was held down at both ends by nailed metal strips. It was not quite wide enough to cover the width of the hall, and left an exposed floor surface of approximately five inches on each side. The rug had a tendency to stretch or give with use, as a result of which it slipped slightly sidewards and became slightly wrinkled near the center, raising small ruffles at the carpet's edges.
The accident occurred when the plaintiff, Mrs. Alexander, either tripped on this wrinkled edge or slipped on the loose rug on her return to the living room from the bathroom. (She did not know what caused her fall.)
Plaintiff's petition alleges that her host was negligent "in not having said rug securely fastened to the floor"; which alleged negligence was the cause of her injuries. The cause of action thus stated is the negligent maintaining by the host of premises unsafe for his social guest, the plaintiff herein.
At the outset we are faced, in what seems to be a case of first impression in Louisiana, with the necessity of defining the duty with regard to his premises of a host to the social guest whom he has expressly invited. In apparently the only previous Louisiana case involving an action by such a guest against his host for personal injuries caused by an alleged defect in the premises, Crittenden v. Fidelity & Cas. Co., La.App., 83 So.2d 538, our brethren of the Second Circuit without discussion applied the standard of care due to an "invitee". Defendant-appellee herein urges that the proper standard of care to apply is that owed to a "licensee".
Traditionally the duties of an owner or occupier of land have been graduated according to the status of the persons entering the land, who are classified as "trespassers", "licensees", or "invitees". These general classifications are subject to many subclassifications and additional gradations of duty, which we will not discuss.
Most broadly, the following are the conventionally accepted distinctions between these classifications and the duties owed by the owner or the occupant of the premises to each:
(1) A trespasser is one who enters the premises without the permission of the occupier or without a legal right to do so; and towards the trespasser no duty exists *732 in most instances except to refrain from willfully or wantonly injuring him.
(2) A licensee is one who enters the premises with the occupier's express or implied permission, but only (according to the conventional description) for his own purposes which are unconnected with the occupant's interests; and to him in addition to the duty owed to a trespasser, is owed the duty of warning the licensee of latent dangers of the premises if actually known by the occupier.
(3) An invitee is a person who goes on the premises with the express or implied invitation of the occupant on the business of the latter or for their mutual advantage; and to him, the duty owed is that of reasonable and ordinary care, which includes the prior discovery of reasonably discoverable conditions of the premises that may be unreasonably dangerous, and correction thereof or a warning to the invitee of the danger.
See: Mercer v. Tremont & G. Ry. Co., La.App. 2 Cir., 19 So.2d 270, certiorari denied; Mills v. Heidingsfield, La.App. 2 Cir., 192 So. 786; 65 C.J.S. Negligence §§ 23 and 24 (trespassers), §§ 32 and 35 (licensees), §§ 43 and 45 (invitees); 38 Am.Jur. "Negligence", Sections 96 (invitees), 104 (licensees), 109 (trespassers); 2 Harper & James, The Law of Torts (1956), Sections 27.3 (trespasser), 27.8 and 27.9 (licensee), 27.12 (invitee); Prosser, Torts (2d Ed. 1955), Sections 76 (trespassers), 77 (licensees), and 78 (invitees.)
Most American jurisdictions follow the English law in classifying a social guest as a licensee, rather than as an invitee, on the ground that his presence on the premises is not directed to the economic benefit of his host; the holding then is that the "host is not liable for an injury sustained by the guest from some defect in the condition of the premises, except as the licensee is needlessly exposed to peril through the failure of the owner or occupant to warn him of [actually known] danger, or by the active negligence of the owner or occupant," 38 Am.Jur. "Negligence", Section 117, at p. 778. See 65 C.J.S. Negligence § 35 d, at p. 495, and § 43(4) g, at p. 519; Annotation, Liability for injury to guest in home or similar premises, 25 A.L.R.2d 598.
The reason for the rule is said to be that "the guest assumes the ordinary risks which attach to the premises" and "a host merely offers his premises for enjoyment by his guest with the same security that the host and members of his family who reside with him have," 38 Am.Jur. 778.
Our brethren of the Second Circuit, however, we think correctly, stated that the social guest is an invitee, as to whom the duty of the owner of the premises "is not to insure him against the possibility of accident, but is to exercise reasonable or ordinary care for his safety commensurate with the particular circumstances involved," Crittenden v. Fidelity & Cas. Co., 83 So.2d 538, at page 540.
In the first place, the arbitrary classification of a social guest as a licensee rather than an invitee has received substantial criticism on the grounds that it is illogical and unrealistic. See, e.g., majority and dissenting opinions, Laube v. Stevenson, 137 Conn. 469, 78 A.2d 693, 25 A.L.R.2d 592; Guilford v. Yale University, 128 Conn. 449, 23 A.2d 917; Scheibel v. Lipton, 156 Ohio St. 308, 102 N.E.2d 453, 455; cf., Prosser, Torts (2d Ed. 1955). See also Pollock, Torts (14th Ed.) at p. 422: "why in common reason should a person invited for the occupier's pleasure be worse off than one who is about business concerning both?"
Thus, for example, the question is raised, why should a different standard of care be exacted from the host towards the same insurance agent invited one evening to discuss the sale of insurance to the host (in which case, according to the conventional classification, he is a business invitee owed the duty of ordinary care) and another evening for a social visit (when he is merely a licensee, owed only the duty of a *733 warning as to latent defects actually known to the host)? So, if the guest is injured by reason of a chair dangerous through a latent defect about which the host does not actually know but which by the exercise of ordinary care he could have discovered, there is recovery in one case and not in another. And yet the guest came to the host's home in response to the same invitation and in equal reliance upon the assurance implied by the invitation that reasonable care had been taken that the premises were safe for his visit.
Likewise, a social guest sickened by food negligently poisoned might have a cause of action against his host, although not for injuries sustained through premises negligently left unsafe, although in both cases his host lacked actual knowledge of the danger, but in both by the exercise of reasonable care could have discovered and avoided the danger. It is difficult to justify the distinction, just as it is difficult on logical grounds to explain why a host owes his guest the duty of ordinary care while the latter is a passenger in his automobile, but upon their arrival at the former's home owes him a lesser duty.
Furthermore, the highly technical distinctions between the classifications of invitee and licensee, with their multiple subclassifications and exceptions and sometime fictional characteristics, are "often times shadowy and indistinct", 38 Am.Jur. 752, and "it is sometimes difficult to draw the line which separates one class from the other in the light of all the circumstances and facts of particular cases", Mercer v. Tremont & G. Ry. Co., La.App. 2 Cir., 19 So.2d 270, at page 274.
The utility in tort law of such highly refined and rigid distinctions, harking back to Nineteenth Century English concepts of the peculiar sanctity of land, is questioned, for tort liability is usually apportioned upon a duty to take reasonable precautions against undue risk of reasonably foreseeable harm under all the circumstances of each individual case. 2 Harper & James, The Law of Torts, passim, Chapter 27. It is there suggested that the concepts of these rigid classifications unnecessarily concern the courts in minute examination of the theoretical status of the injured person, based often on unrealistic and fictional distinctions, without sufficient realistic inquiry into whether the conduct under the particular circumstances involved an unnecessary risk to the safety of others avoidable by the exercise of due care.
For these reasons, the comment is made that there is "considerable merit" in the suggestion that the terms of invitee and trespasser "should both be discarded in determining the extent of the duty of an owner or occupant to a person rightfully upon the premises. The duty which an owner or occupant owes to a visitor can well be measured according to the nature and purpose of the visit, without classification other than to distinguish between trespassers and persons rightfully upon the premises," 38 Am.Jur. "Negligence", Section 92, at p. 752.
This in fact is what was done by the First Restatement of Torts, Sections 330-332, which classified all persons (including invitees) who came upon the premises with the consent of the possessor as licensees; but which by recognizing the "business visitor" as owed a greater duty, Section 332, somewhat resurrected the old distinctions. The view expressed therein that the greater duty owed by the occupier of the premises must be based upon the nature or purpose of the visit being of some potential economic benefit to him, has in turu been much criticized as producing further extremely technical and unrealistic legal reasoning based upon equally fictional distinction; and many jurisdictions have not accepted it but adhere to the "invitation" theory. 2 Harper & James, The Law of Torts, 1480, cases and authorities cited footnotes 17, 18.
As stated by another leading tort authority, the "invitation" theory, "which appears to have been the earlier one, is that the *734 basis of liability is not any economic benefit to the occupier, but a representation to be implied when he encourages others to enter to further a purpose of his own, that reasonable care has been exercised to make the place safe for those who come for that purpose," Prosser, Torts, Sections 78, at p. 455, which treatise further observes, p. 456, "The Restatement notwithstanding, the second [the `invitation'] theory is now accepted by the great majority of the courts, and many visitors from whose presence no shadow of pecuniary benefit is to be found are held to be invitees."
We think, therefore, that although in some instances the greater standard of care owed to an invitee may properly be based upon the "economic benefit" theory, the more general rule is that an express invitation to be on the premises, as distinguished from a merely permissive use thereof, carries with it an implied assurance to the invitee that the premises are reasonably safe for his use and that the host has exercised ordinary care for his safety.[1] And we see no reason why the duty of ordinary care should not be owed to social guests who are expressly invited to the premises as well as to other invitees, as held in Crittenden v. Fidelity & Cas. Co., La.App. 2 Cir., 83 So.2d 538, albeit most other American jurisdictions differ.
But in the present case, assuming (but not deciding) that the condition of the host's premises constituted an unsafe condition avoidable by the exercise of due care, nevertheless we believe that defendant's plea of contributory negligence should be sustained; for the evidence reflects that plaintiff (who had been visiting her host for five weeks before the accident in question, and for similar long periods of time frequently during the several years previous thereto) was thoroughly familiar with the condition and position and potential danger of the carpet in question. Her own carelessness or forgetfulness thus proximately contributed to her injuries, as she knew and appreciated what danger there was in the situation.
As a general rule, the host "is not liable for an injury to an invitee resulting from a danger which was obvious or should have been observed by the invitee in the exercise of reasonable care, or from a condition which was as well known or as obvious to the invitee as to the invitor," Crittenden v. Fidelity & Cas. Co., La.App. 2 Cir., 83 So.2d 538, 540. See also Regenbogen v. Southern Shipwrecking Co., La. App.Orl., 41 So.2d 110, Knight v. Travelers Ins. Co., La.App. 1 Cir., 32 So.2d 408.
For the above and foregoing reasons, the judgment of the District Court dismissing plaintiff's suit is affirmed.
Affirmed.
NOTES
[1] See, e. g., 65 C.J.S. Negligence § 32 at p. 488 regarding technical distinctions between classes of licensees; "Licensee by invitation and licensee by permission distinguished. A distinction has been made, in this connection, between a licensee by invitation and licensee by permission, to the effect that to a licensee by invitation the owner or occupant of the premises assumes the obligation of making and maintaining them in a reasonably safe condition for the use of licensee while he remains thereon by virtue of the invitation, and for a violation of this duty the owner or occupant is liable in damages to the person injured thereby who is himself free from contributory negligence. Whereas a licensee by permission takes the premises as he finds them as to any defects thereon, and the owner is not liable for any injuries resulting to such licensee owing to defects in the condition of the premises, subject to the exception that the owner or occupant must not willfully or wantonly cause injury to the licensee." (Italics ours.)