REGAN, Judge.
Plaintiff, Anton A. Zorick, instituted this suit against the defendants, Claude B. Avery and Maryland Casualty Company, his insurer, endeavoring to recover the sum of $20,378.34, representing damages for personal injuries and property damage incurred by him as the result of an accident which occurred on January 16, 1963, between their respective vehicles in the intersection of South Robertson Street and Cleveland Avenue in the City of New Orleans.
The defendants answered, and denied the existence of any negligence on the part of Avery. In the alternative, they pleaded the contributory negligence of the plaintiff.
From a judgment in favor of the defendants, the plaintiff has prosecuted this appeal.
The record reveals that the ■ plaintiff was driving his automobile in South Robertson Street toward its intersection with Cleveland Avenue. Simultaneously, the defendant, Claude B. Avery, was operating his 1957 Chevrolet automobile in Cleveland Avenue where it intersects South Robertson Street.
At this intersection both streets are approximately fifty feet wide. South Robertson is the favored street; a traffic sign orders traffic moving in Cleveland Avenue to stop before entering the intersection.
*707 We pause at this point of our factual revelation hereof, to observe that when a suit is predicated upon an allegation of negligence and the defense thereto is a denial of negligence and an alternative plea of contributory negligence, it is often expedient to initially consider the plea of contributory negligence, for if the facts disclose the existence of contributory negligence without which the accident would not have occurred, it is then unnecessary to determine whether there was primary negligence in the defendant.[1]
In the course of the trial hereof the defendant testified that he parked his automobile near the curb of Cleveland Avenue, about one and one-half car lengths removed from the corner of South Robertson Street, in order to make a purchase from a local store. He later re-entered the vehicle and drove to the intersection, where he stopped. He then looked to his right and noticed the plaintiff’s vehicle, moving in South Robertson about 100 to 125 feet away. The defendant then drove into the intersection and was thereupon struck on the right front side of his vehicle by the plaintiff’s automobile.
The plaintiff’s version of the accident is diametrically opposed to the defendant’s accounting thereof. He laboriously insists that the defendant darted into the intersection when he was a very short distance removed therefrom, and consequently afforded him no warning that an emergency stop would be required in order to avoid the accident.
In his written reasons for judgment, the trial court emphatically stated that the plaintiff “did not tell the truth”, and in dismissing his suit, the judge thereof apparently concluded that the plaintiff simply did not notice the defendant’s entrance into the intersection.
The foregoing elucidation reveals that the fundamental question posed for the trial court’s consideration, pretermitting any evaluation of the defendant’s negligence, was whether any negligence existed on the part of the plaintiff with respect to the prudent operation of his vehicle. The judge thereof obviously concluded, to reiterate, that the plaintiff omitted to maintain any reasonable lookout, consequently he was guilty, at least of contributory negligence, and therefore dismissed his suit.
We have written on many occasions that in determining what is negligent conduct, there is no fixed rule; the facts and environmental characteristics of each case must be considered and treated individually. Judicially we are tending more and more towards an appreciation of the truth that, in the last analysis, there are few rules; there are principally standards and degrees of negligence for the reason that no one is so gifted with foresight that he or she could anticipate every possible accident and prescribe the proper rule for each.[2]
The only question which this appeal has posed for our consideration is whether the foregoing conclusion of the trial judge is so erroneous and unsupported by the record as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the testimony adduced herein or by endeavoring to reconcile the respective litigants’ version of the manner in which the accident occurred. Suffice it to say, that the whole tenor of the record fully supports the trial court’s rationale, and the judgment is therefore correct.
For the foregoing reasons, the judgment of the lower court is affirmed. The plaintiff is to pay all costs of this proceeding.
Affirmed.

. See Sizeler v. Southwestern Fire & Casualty Company, La.App., 105 So.2d 746, 748.

. Ward Baking Company v. City of New Orleans, La.App., 94 So.2d 720, at pages 722-723, (1957); Johnson v. Wilson, La. App., 97 So.2d 674 (1957).