LeSUEUR, Judge.
Plaintiff has appealed from a judgment in favor of defendant dismissing plaintiff’s suit, at his cost. Plaintiff sued for personal injuries, medical expenses and lost wages resulting from a fall while entering a grocery store.
On June 27, 1965, between 3:00 and 3:30 o’clock p. m., plaintiff stopped at the Simo-nette Grocery Store in Chalmette, defendant’s insured. Plaintiff parked his car on the side of the store, got out and started toward the front entrance of the store on the sidewalk adjacent to the building. Plaintiff was carrying his two-year old daughter in his arms and, because of a drizzling rain, he was hurrying. As he turned the corner toward the front entrance, he slipped and fell. As a result of his accident, plaintiff sustained a fracture of the “lateral aspect of the right ankle”. He was hospitalized for three days, wore a walking cast for five weeks, and an Ace bandage on his ankle for another three months.
The trial judge found that the sidewalk was wet as a result of the drizzling rain and that plaintiff was hurrying with his daughter in his arms and that under these *464 facts plaintiff was guilty of contributory negligence.
At the time of trial and on appeal, plaintiff urged that he slipped on some lettuce, oil and other debris which was negligently allowed to remain on the sidewalk by defendant’s insured and which he was unable to see. He also attempted to show that he was proceeding at a reasonable pace and that he had to maneuver around a grocery cart which blocked the sidewalk.
Defendant introduced plaintiffs statement taken 10 days after the accident, which stated that he “didn’t notice any foreign substance on the walkway”. Although plaintiff testified that he did not write the statement introduced, he did not deny reading the statement or signing it. On cross-examination, plaintiff testified that he possibly could have seen the lettuce but that he did not look. Defendant also introduced the testimony of witnesses to the effect that they had not noticed any lettuce, oil or other debris in the area in which plaintiff fell upon going to his aid after his accident. Testimony of the employees of the store showed that they checked the parking lot and sidewalk for trash, broken bottles, etc. periodically or when it was reported to them. Plaintiff, we do not believe, has proven the existence of any lettuce, oil or debris or that it contributed to his accident.
Plaintiff testified that he waited in his car approximately 5 minutes for the rain to slacken and that it had slackened to a drizzle when he attempted to enter the store. The fact that it had recently rained and was still drizzling is important for two reasons. The sidewalk was unquestionably wet and plaintiff was wearing rubber shower thong sandals, both of which combined to make his footing hazardous, especially while he was carrying his daughter and turning from the side to the front of the store. As a result of the drizzling rain, plaintiff was naturally desirous of getting into the store without wasting time. Although plaintiff was not running, he was hurrying. Defendant produced á witness who described plaintiff’s pace as “hurrying” and “faster than a walk” but “not running real fast”. From the above testimony, the trial judge concluded that it was “drizzling” and that plaintiff was “hurrying” and we find no error in this conclusion.
With regard to plaintiff’s contention that a grocery cart blocked the sidewalk and caused him difficulty in turning the corner, plaintiff testified under cross-examination that there was a distance of two feet between the cart and the edge of the sidewalk and that he passed that area without difficulty.
For the foregoing reasons, we find that plaintiff was negligent in negotiating the sidewalk from his car to the entrance of defendant’s insured’s grocery. We do not have to determine the negligence of defendant’s insured, if any, because when “a suit is predicated upon an allegation of negligence and the defense thereto is a denial of negligence and an alternative plea of contributory negligence, it is often expedient to initially consider the plea of contributory negligence, for if the facts disclose the existence of contributory negligence without which the accident would not have occurred, it is then unnecessary to determine whether there was primary negligence in the defendant”. Sizeler v. Southwestern Fire & Casualty Company, 105 So.2d 746 (Ct.App.Orleans, 1958); Zorick v. Maryland Casualty Company, 172 So.2d 706 (Ct.App. 4th Cir., 1965).
For the foregoing reasons, the judgment of the trial court in favor of defendant, dismissing plaintiff’s suit, at his cost, is affirmed; plaintiff to bear the costs of this appeal.
Affirmed.