SARTAIN, Judge.
The City of Baton Rouge appeals from an adverse judgment of the district court awarding plaintiff damages for special expenses and personal injuries sustained by him when an oil drum at a municipal garbage dump exploded. Plaintiff has answered the appeal and seeks an increase in the amount of damages for personal injuries. For reasons hereinafter stated we affirm the trial judge’s findings as to liability and his assessment of damages.
The facts giving rise to this litigation are not in dispute. On Sunday afternoon, March 17, 1968, plaintiff had taken a trailer load of hedge cuttings to the McKinley Street trash dump. After he had unloaded the trimmings and was removing some plywood sideboards from the trailer, a fifty-five gallon metal drum exploded and the lid thereof struck plaintiff on the right *204 side of the head fracturing his jaw in two places.
The McKinley Street trash dump is operated by the City of Baton Rouge and is used as a depository for trash other than foodstuffs and regular garbage. Six days a week from 7:00 A.M. to 3:00 P.M. it is supervised by a spotter and a dozer operator, employees of the defendant. The duty of the spotter is to direct traffic during these hours to that portion of the dump where the trash is to be unloaded. The dozer operator spreads the trash and endeavors to contain any fires that might exist. Both testified that it was their practice to knock a hole in any sealed container to prevent its overheating which might cause the container to explode.
The Superintendent of the Refuse Division of the Department of Public Works for the City of Baton Rouge and the Parish of East Baton Rouge testified that there are two such dumps in the Parish, one located in the northern portion of the Parish and the other (McKinley Street) located at the southern end of the Parish. In addition to the regular department vehicles some one hundred persons per day use their own vehicles, trucks, or trailers to haul their own trash and deposit it at the McKinley Street dump. It is therefore evident that this was a common practice on the part of numerous citizens of the City and the dump was unsecured to allow its use by the public. One witness estimated that on the day of the accident between twenty-five and forty private vehicles had deposited trash at the dump.
The Superintendent explained that although there was a prohibition against burning, fires were inevitable and fairly constant. This officer also stated that “a dump is a hazardous place, it’s fraught with hazards”.
Plaintiff takes the position that because the dump was open to the public he was an invitee and as such the City owed him the duty of reasonable and ordinary care, which includes the exercise of reasonable care in the discovery of dangerous conditions and the correction thereof or the warning to him of such danger.
On the other hand, the City contends that plaintiff was a licensee and that it owed plaintiff only the duty to warn him of known dangers. Alternatively, the defendant urges contributory negligence and assumption of risk.
The trial judge held that plaintiff was an invitee and that the defendant was negligent in permitting the public to use the McKinley dump knowing that it contained combustible and explosive materials and failing to warn the public as to these dangers.
The issue as to whether plaintiff was a licensee or an invitee and the standard of care imposed in each instance is again raised here.
In Alexander v. General Accident Fire & Life Assurance Corp., 98 So.2d 730 (1st La.App., 1957) we stated:
“Most broadly, the following are the conventionally accepted distinctions between these classifications and the duties owed by the owner or the occupant of the premises to each:
******
(2) A licensee is one who enters the premises with the occupier’s express or implied permission, but only (according to the conventional description) for his own purposes which are unconnected with the occupant’s interests; and to him in addition to the duty owed to a trespasser, is owed the duty of warning the licensee of latent dangers of the premises if actually known by the occupier.
(3) An invitee is a person who goes on the premises with the express or implied invitation of the occupant on the business of the latter or for their mutual advantage; and to him, the duty owed is that of reasonable and ordinary care, which includes the prior discovery of *205 reasonably discoverable conditions of the premises that may be unreasonably dangerous, and correction thereof or a warning to the invitee of the danger.” (Emphasis theirs.)
Defendant argues that plaintiff is a licensee because he had entered the dump for his own purpose and convenience which were unconnected with the City’s interest. Plaintiff counters by asserting that it is the City’s primary responsibility to pick up trash and transport it to the dump; however, by custom and in practice the City had permitted private individuals to transport their own trash to the dump. Thus, plaintiff contends that when he was carrying his own trash to the dump he was acting in the mutual interest of himself and the City.
Under the particular facts of this case we do not deem it necessary to determine whether plaintiff was a licensee or an invitee for in either case the City has failed to discharge the duties imposed upon it as the owner or occupant of the dump.
Assuming arguendo, that plaintiff was a licensee, he would still be entitled to recover because the defendant permitted him to enter the premises without any warning as to its dangerous propensities which danger was known to the City. If we classify plaintiff as an invitee his case is even stronger because the dangerous conditions were not only reasonably discoverable, they were in fact known to the defendant.
The alternatives available to the City to protect itself against the type of liability herein asserted include but are not necessarily limited to the following: (1) deny its use to the public in which case any user would be a trespasser, (2) permit its use by the public only at such times as it is adequately supervised, or (3) post such signs as would properly warn the public of the dangers.
We do not consider as meritorious the alternative defenses urged by the City of contributory negligence and assumption of risk on the part of the plaintiff. These are affirmative defenses and the burden of proof thereof rests with the defendant. The City contends that through the exercise of one’s ordinary senses of sight and smell it could be determined that the place was unsafe. The record before us is devoid of any evidence to the effect that there was either a serious fire or other explosions that could have reasonably forewarned plaintiff of any danger. The situation, of course, would be different with respect to one experienced in the use and operation of a municipal dump.
Defendant also complains that the trial judge erred in applying the doctrine of res ipsa loquitur. We pretermit the decision on this point because we are satisfied that the plaintiff has sufficiently shown that the City was negligent in permitting the general public the use of a public facility that was inherently dangerous without public safeguards or warnings.
Lastly, we turn to the question of quantum. Plaintiff asks for an increase and defendant seeks a reduction. Plaintiff sustained a double fracture of the right mandible. He was hospitalized for three days. Medical procedures dictated that his jaw be immobilized which was accomplished by wiring his teeth together. His jaw remained immobilized for one month during which time plaintiff had to sustain himself on liquids. However, and fortunately, his recovery was good and he was left with no residuals. Noting that initially plaintiff’s pain and discomfort were severe, the trial judge concluded that an award of $5,000 for personal injuries was warranted.
Plaintiff has cited cases involving injuries similar to those sustained by him wherein an award in excess of $5,000 was made. Defendant has cited cases involving injuries similar to those sustained by plaintiff wherein the amounts awarded were less than those in the case at bar. These cases amply indicate to us that the award by the trial judge of $5,000 for personal *206 injuries was neither inadequate nor excessive. Accordingly, we do not find that the trial judge abused the considerable amount of discretion vested in him relative to the award of damages for personal injuries.
Accordingly, for the above and foregoing reasons the judgment of the district court is affirmed. All such costs of these proceedings as permitted by law are to be paid' by the defendant-appellant, the City of Baton Rouge.
Affirmed.