CULPEPPER, Judge.
Plaintiff seeks damages for personal injuries sustained when he tripped and fell over an air hose at a service station operated by defendant, Lawrence Bonin, and insured by American Motorists Insurance Company. The district judge granted summary judgment dismissing plaintiff’s suit. Plaintiff appealed.
The issues are: (1) Are defendants’ affidavits defective as to form ? (2) Is there a genuine issue of material fact ?
*90 Plaintiff’s petition alleges that on April 27, 1969, at approximately 4:45 p.m., he entered the service station “for the purpose of putting water in his automobile radiator; it was at this time and place that plaintiff tripped over Bonin’s air hose, falling onto the cement.” A specific item of negligence alleged is :■
“Failure of the Insured to have the air hose properly and adequately placed in a safe position so as not to cause one using said premises to trip over said hose, when said Insured knew or should have known that anyone entering upon said premises could easily trip on the hose, unless it was adequately stored away or hooked up in such a manner that it would preclude such a probability.”
Defendants filed a motion for summary judgment, attaching two affidavits. The first is the affidavit of Bonin, who states that he is the operator of the station and that:
“On April 27, 1969, which was a Sunday, I left the station shortly before- the usual Sunday closing time, which was 12:00 o’clock noon. The station was to be closed at that time by my employee, Raymond Blanchard, who was still on the job when I left.
“I did not return to the station at any time during the remainder of the day and after the station was closed by Raymond Blanchard, the station remained closed for the remainder of the day.”
The second affidavit is by Raymond Blanchard, an employee at the station. He states:
"The station has only two air hoses and these are used to service car's. When not in use and when the station is closed, each of these hoses is coiled and hung on a metal arm which curves up and which extends out from a vertical pipe set in concrete. These pipes are set out on the ends of a raised concrete island in the front of the station on which is set the only gas pumps, water and air hoses which are used to service cars. Everything described above is as it was on . April 27, 1969.
“I was the last employee at the station on April 27, 1969, and when I closed it at 12:00 o’clock noon, all of the hoses, including the air hoses, were properly coiled and placed on their usual and customary holders, as described above, and neither of the air hoses was on the ground.
“After I closed the station, I did not return at any time during the remainder of the day, during which time the station • was closed.”
Plaintiff filed no opposing affidavits.
Plaintiff’s first contention is that the affidavits filed by defendants in support of their motion for summary judgment do not comply with the requirement of LSA-C.C.P. Article 967 that they “shall show affirmatively that the affiant is competent to testify to the matters stated therein.” This argument has no merit. Each of the affidavits contains the statement, “The information set forth in this affidavit is based on my personal knowledge.” Furthermore, it is apparent from a reading of the above quoted portions of the affidavits that the affiants stated facts which they know of their own personal knowledge and as to which they are competent to testify.
Plaintiff next contends there is a genuine issue of material fact. LSA-C.C.P. Articlq 966 provides in pertinent part:
“The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affida *91 vits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. As amended Acts 1966, No. 36, § 1.”
LSA-C.C.P. Article 967 states in part:
“When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.” (emphasis supplied)
Plaintiff contends that since defendants’ affidavits state only that the hoses were in their holders at noon when the station closed, and do not state the condition of the hoses after that time, the affidavits do not put at issue the allegations of plaintiff’s petition that one of the hoses was down on the cement at the time of the accident. Plaintiff cites Aetna Insurance Company v. Morgan & Lindsey, Inc., 238 So.2d 212 (3rd Cir. 1970) which was a sub-rogation action by a fire insurer on the grounds that the fire negligently started in defendant’s adjacent building. Defendant’s motion for summary judgment was supported by affidavits that the cause of the fire was unknown. Plaintiff filed no opposing affidavits. We held:
“Neither the amendment to C.C.P. Art. 967, now our decision in Joiner, Aymond, or Duplechain, require an opponent to a summary judgment to produce pro forma affidavits simply to contradict the affidavits filed by the proponent, when the proponent’s affidavits do not directly put at issue allegations of material fact in the petition. Roy & Roy v. Riddle, 187 So.2d 492 (La.App.3d Cir. 1966). To do so would relieve the proponent of his proper burden of showing no material factual issue.”
The Aetna case, supra, is distinguished from the present matter. In Aetna, the substantial issue was the cause of the fire. Defendant’s affidavits, simply denying knowledge of the cause, did not establish how the fire started. Hence, this issue remained' and it was material. In the present case, defendants’ affidavits do not contradict the fact, alleged in plaintiff’s petition, that at the time of the accident the air hose was on the ground. However, defendants say that even accepting this fact, Bon-in had no duty to maintain an inspection of the premises and keep them free from such hazards after business hours. Hence, any issue as to the condition of the hose at the time of the accident is immaterial.
We find no Louisiana case precisely in point but the general rule is stated in 65 C.J.S. Verbo Negligence § 63 (49), pp. 749-750 as follows:
“The owner or person in charge of premises is bound to keep them in a reasonably safe condition for use by an invitee or business visitor at all times to which the invitation extends, but is under no such duty at times to which the invitation does not extend.
“The status of an invitee continues during the time the invitation reasonably extends, and he may lose his status as invitee by remaining on the premises beyond a reasonable time after his invitation has expired, but a slight delay for a proper purpose after the conclusion of his business does not deprive him of the status of an invitee.”
See also Prosser, Law of Torts, 3d Ed., pages 401-402, where the author discusses the cases holding that a business invitee loses that status when he leaves the por *92 tion of the premises intended for customers and goes into an area where he is not invited, such as behind the counter or into a storeroom. This writer then states:
“There are similar limitations of time; and if the invitee remains on the land beyond the time reasonably necessary to accomplish the purpose for which he came, and to withdraw from the premises, he becomes at most a licensee thereafter.”
Our jurisprudence recognizes the distinction between trespassers, licensees and invitees and the duties owed to each by the occupant of the premises. In Alexander v. General Accident Fire & Life Assurance Corporation, 98 So.2d 730 (1st Cir. 1957) the court said:
“A trespasser is one who enters the premises without the permission of the occupier or without a legal right to do so; and towards the trespasser no duty exists in most instances except to refrain from willfully or wantonly injuring him.
“(2) (2) A licensee is one who enter the premises with the occupier’s express or implied permission, but only (according to the conventional description) for his own purposes which are unconnected with the occupant’s interests; and to him in addition to the duty owed to a trespasser, is owed the duty of warning of the licensee of latent dangers of the premises if actually known by the occupier.
“(3) (3) An invitee is a person who goes on the premises with the express or implied invitation of the occupant on the business of the latter or for their mutual advantage; and to him, the duty owed is that of reasonable and “ordinary care, which includes the prior discovery of reasonably discoverable conditions of the premises that may be unreasonably dangerous, and correction thereof or a warning to the invitee of the danger.”
Applying the above rules to the present case, the plaintiff was at best a licensee. He was on the premises for his own purposes (to fill his radiator) not connected with the occupant’s interests and at a time to which a business invitation did not reasonably extend. The only duty owed to this licensee was to warn against hazards actually known by the occupant. The operator of this service station had no duty to inspect the premises and keep them safe after he closed at noon. He is not responsible if, while the business was closed, plaintiff went onto the premises and was injured by a hazard unknown to the occupant.
We conclude defendants’ affidavits establish the fact that the operator left the hose in a safe condition when he closed at noon. Any issue as to the condition of the hose at the time of the accident is immaterial since the operator had no duty to a licensee to inspect the premises and keep them in a reasonably safe condition after business hours.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.