BLANCHE, Judge.
This is a devolutive appeal from a judgment dismissing the suit by plaintiff, individually and no behalf of her minor child, for damages for the alleged wrongful death of Daryl Hendry, plaintiff’s husband and the father of the minor. For the reasons hereinafter set forth, we affirm the judgment of the trial court.
The trial judge summarized his findings of fact and reasons for dismissing plaintiff’s suit in the following manner:
“Plaintiff in this case is the surviving spouse of Daryl Hendry who was killed in an unfortunate accident while helping his next door neighbor, V. W. Lepard.[1]
“The facts indicate that Mr. and Mrs. Hendry as a neighborly gesture, came over to the Lepards to help clear some land. Mr. Hendry had a tractor with a bush hog attachment and and [sic] he was operating same while Mrs. Hendry, with a small axe, cut sapplings [sic] which the bush hog would not cut. The Hendrys had been on the Lepards’ property for over an hour when a dead tree fell and hit Mr. Hendry. Several days later he expired and Dr. Gordon was of the opinion that this accident, if not the actual cause, certainly contributed to his death.
“V. W. Lepard testified that Mr. Hen-dry had offered to bush-hog for him but that no definite date or time was set. On the day in question Mr. Lepard was not at home. He further testified that the tree that struck Mr. Hendry was about 26 feet tall with no branches on it, and it was about 12 inches in diameter. He knew the tree was dead but did not know it was rotten because the bark was intact. He had made no prior inspection of the tree and he did not warn Mr. Hendry about the dead tree.
“Mrs. Lepard accompanied the Hen-drys on the day in question. She also new [sic] the tree was dead. She said nothing about the dead tree to the Hen-drys.
“Mr. Hendry was an invitee. As such, the following duty was owed to him:
“An invitee is a person who goes on the premises with the express or implied invitation of the occupant on the business of the latter or for their mutual advantage; and to him, the duty owed is that of reasonable and ordinary case [sic], which includes the prior discovery of reasonably discoverable conditions of the premises that may be unreasonably dangerous, and correction thereof or a warning to the invitee of the danger.
“The court feels that Mr. Lepard was a novice as far as clearing was concerned. Mr. Hendry was more of an expert. Clearing, by its very nature, entails the removal of brush, vines, dead branches and trees. While clearing an area a man will encounter all sorts of underbrush and trees. Dead trees are commonplace to a clearer. Mr. Lepard knew the tree was dead but he did not know it was rotten. Mr. Hendry, while mowing, came within four feet of the tree. It should have been obvious to him that the tree was dead and could, therefore, fall at any time. He saw the tree before it fell and should have known it was dead. If there was a duty upon Lepard to inspect the tree, a like duty was upon Hendry to inspect also.
“It grieves the court to be unable to compensate Mrs. Hendry for the loss of her dear husband, but the court must apply the law to the facts. In this case the rule of law, as set forth in Alex *349 ander vs. General Fire and Accident Insurance Company [General Accident Fire and Life Assurance Corporation], 98 So.2d 730, is applicable.
“[* * *] The [the] host is not liable for an injury to an invitee resulting from a danger which was obvious or should have been observed by the invitee in the exercise of reasonable care, or from a condition which was as well known or as obvious to the invitee as to the invitor. [, * * *]”
In Crittenden v. Fidelity and Casualty Company of New York, 83 So.2d 538, the court said:
“[‘] The duty to keep premises safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee, and would not be observed by him in the exercise of ordinary care. The invitee assumes all normal, obvious, or ordinary risks * * * and the owner or occupant is under no duty to reconstruct or alter the premises so as to obviate known and obvious dangers. [’] [The source of this quotation by the Court in the Crittenden case is 65 C.J.S., Negligence, Sec. 50, p. 541.]
“Accordingly, judgment is rendered herein in favor of defendant dismissing plaintiffs’ [sic] suit.” (Written Reasons for Judgment, Record, pp. 18, 19)
Plaintiff assigns three specifications of error: (1) error by the trial court in placing a burden upon an invitee such as plaintiff’s late husband which is not countenanced in law; (2) error by the trial court in not placing the proper standard of care and duty upon the property owner with regard to an invitee; and (3) error by the trial court in finding that the decedent-invitee saw or must have seen the tree in question before it fell upon him.
All of these specifications of error turn upon an interpretation and application of the findings of fact, and we are satisfied from our review of the record that all of the specifications of error are without merit.
A review of the photographs introduced in evidence as well as the testimony shows without any doubt that the area in which plaintiff’s late husband was undertaking clearing operations was considerably overgrown and subject to the usual dangers associated with clearing operations by their nature. The record shows that the insured had no superior knowledge concerning clearing operations, and that the decedent knew as much or more about such an operation can be inferred from the fact that he had partly cleared his own land which was of a similar nature before going on the insured premises to assist Mr. Lepard. It is also uncontroverted that the insured did not know the tree was rotten or dangerous because the tree was covered with vines and the bark was intact. Thus, we find no satisfactory basis for requiring defendant’s insured or his wife to forewarn the decedent of the existence of the dead tree.
We find no manifest error committed by the trial court in concluding that the alleged defective condition of the insured’s premises was not a latent one or a trap which required that the insured give warning to the decedent. We are further satisfied the trial court committed no manifest error in failing to hold that the defendant’s insured breached any duty owed to plaintiff’s deceased husband.
The judgment appealed from is affirmed, with all costs assessed to plaintiff-appellant.
Affirmed.

. Y. W. Lepard was afforded general comprehensive liability insurance by defendant-appellee under a standard homeowners comprehensive liability insurance policy. (Footnote by this Court).