BLANCHE, Judge.
Plaintiff, Ruth Haynes, filed suit for personal injuries sustained by her in an accident at the defendant’s place of business, and her husband, Herman A. Haynes, seeks recovery of medical expenses incurred by him as a result thereof. The defendants are Richard C. Henderson, who operates a gas station in Alexandria, Louisiana, known as “Henderson’s T & M Mobil Service,” and Allstate Insurance Company, the insurer of Henderson against the lia *27 bility herein asserted. Plaintiff, Herman Haynes, was having- their automobile serviced at defendant’s service station and requested of one of the attendants that it be vacuum cleaned. Haynes was then directed by the attendant to back his automobile close to a service bay area, or stall, in order that the vacuum cleaner could be operated from an electrical outlet located just inside the service stall. With the automobile thus parked, the attendant rolled the vacuum cleaner out on the driver’s side of the automobile and began the vacuuming operation. Thereafter, Mrs. Haynes got out of the automobile and walked to the rear thereof and stood inside the service stall observing the operation. Mrs. Haynes then decided to talk to her husband, who was standing toward the front of and on the opposite side of the automobile, so she walked around the rear of the automobile, stepping over the vacuum cleaner cord which she observed lying on the concrete. After talking to her husband, she began to walk back in the direction from which she had come, and as she stepped over the electrical cord attached to the vacuum cleaner, she was tripped when the cord was allegedly raised off the concrete by the attendant who was in the act of vacuuming the automobile. As a result of the fall, Mrs. Haynes broke a bone in her left foot. The trial judge found that the defendant was not negligent in that the attendant was conducting the vacuum cleaning operation in the usual and ordinary manner, and the risk under the circumstances of the case'was neither foreseeable nor unreasonable. We agree.
As stated by Judge Landry in Pitre v. Employers Liability Assurance Corporation, 234 So.2d 847 (La.App. 1st Cir. 1970):
“Fault is determined by asking the question: How would a reasonably prudent individual have acted or what precautions would he have taken under the same or similar circumstances? Tucker v. Travelers Insurance Company, La.App., 160 So.2d 440. Negligent conduct is determined in the light of the facts and environmental circumstances of each case. Zorick v. Maryland Casualty Company, La.App., 172 So.2d 706.
“Failure to take every precaution against all foreseeable injury to another does not necessarily constitute negligence. On the contrary, negligence requires that the risk be both foreseeable and unreasonable. Turner v. Caddo Parish School Board, 252 La. 810, 214 So.2d 153. Failure to take a particular precaution to guard against injury to another in connection with a risk constitutes negligence only where it appears such a precaution would have been undertaken under the circumstances by a reasonably prudent individual. Turner v. School Board, above. One is bound to protect against what usually happens or what is likely to happen under the circumstances. Wilson v. Scurlock Oil Co., La.App., 126 So.2d 429. Ordinary care requires only that precautions be taken against occurrences that can and should be foreseen; it does not require that one anticipate unusual and improbable, though entirely possible happenings. Rouseo v. Gauche Connor Co., 8 Orleans App. 216.” (Pitre v. Employers Liability Assurance Corporation, 234 So.2d 847, 852)
Thus, we ask the question of whether the attendant under the circumstances here should have expected that Mrs. Haynes would have walked in the service stall area behind him and would have likely stepped over the vacuum cleaner cord just as he was pulling the vacuum cleaner in position for the purpose of cleaning out their automobile and would have, therefore, been under a duty to warn her against the danger of being tripped. Even though it might have reasonably been expected that the vacuum cleaner cord might have been pulled taut in the course of operating the vacuum cleaner, under the circumstances here we *28 do not consider this to be an unreasonable risk. The cord was not stretched across any walkway or path usually used by customers but was extending from inside a service bay area, and the attendant was using the vacuum cleaner in the usual and ordinary manner.
Additionally, the plaintiff was fully aware of the operation being conducted and saw the electrical cord on the cement and must have known it was attached to the vacuum cleaner which was being pulled by the attendant. If it had amounted to such a dangerous condition as to impose a duty on the attendant to warn plaintiff, it would have likewise been a condition of which plaintiff should have been well aware. A host is not liable for an injury to an invitee resulting from a danger or condition which was well known or as obvious to the invitee as to the invitor. Callender v. Wilson, 162 So.2d 203 (La.App. 1st Cir. 1964).
Mr. and Mrs. Haynes were invitees of the defendant service station, and the duty of the owner of the premises to an invitee is not to insure him against the possibility of accident but is to exercise reasonable or ordinary care for his safety commensurate with the particular circumstances involved.
As appropriately observed by Judge Gladney in Crittenden v. Fidelity & Casualty Co. of New York, 83 So.2d 538 (La.App. 2nd Cir. 1955):
“The character of the defect or danger upon which liability of the owner of premises to invitees is predicated, is comprehensively treated in 65 C.J.S., Negligence § 50, p. 541:
‘The duty to keep premises safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee, and would not be observed by him in the exercise of ordinary care. The invitee assumes all normal, obvious, or ordinary risks attendant on the use of the premises, • and the owner or occupant is under no duty to reconstruct or alter the premises so as to obviate known and obvious dangers. * * * ’
“The basis of the inviter’s liability for injuries sustained by the invitee on the premises rests on the owner’s superior knowledge of the danger, and as a general rule he is not liable for an injury to an invitee resulting from a danger which was obvious or should have been observed by the invitee in the exercise of reasonable care, or from a condition which was as well known or as obvious to the invitee as to the inviter, or which the inviter had no reason to believe would not be discovered by the invitee. There is no duty to warn the invitee of any defect or danger which is as well-known to the invitee as to the owner or occupant, or which is obvious or which should be observed by the invitee in the exercise of ordinary care. However, even though the invitee has knowledge of the danger, or the defect is obvious, the duty of the owner or occupant to use reasonable care to keep the premises reasonably safe for invitees remains, and it runs concurrently with the duty of the invitee to protect himself, so that, where the invitee does not fully appreciate the danger or is without fault, the owner or occupant may be held liable for the injury.” (Crittenden v. Fidelity & Casualty Co. of New York, 83 So.2d 538, at 540)
Therefore, under the circumstances of this case there is no reasonable basis for requiring a warning from the owner of the premises.
For the above and foregoing reasons, the judgment of the trial court is affirmed at appellants’ costs.
Affirmed.