JULIAN E. BAILES, Judge Pro Tern.
This is a tort action brought by Roger Dalton Smith to recover damages for personal injuries sustained on the premises of Louisiana Cement Company, Inc. on August 29, 1975. The plaintiff at the time of his injury was employed as a truck driver by Quality Transport, Inc., a company which specialized in transporting bulk materials. The workmen’s compensation insurer, Texas General Indemnity Company, intervened herein to recover all workmen’s compensation benefits paid to plaintiff.
The suit was filed on August 3, 1976 and was ultimately tried on May 17, 1979, by which time in excess of $16,000.00 had been paid by intervenor in workmen’s compensation and $5,212.25 in medical expenses. On May 22,1979 the trial court denied recovery to plaintiff and intervenor, thus this appeal.
On the day of his injury plaintiff was dispatched with his transport unit consisting of a tractor and trailer, commonly called an 18-wheeler, to the defendant’s storage and dispensing facility located at 14900 Intracoastal Drive, New Orleans, to haul a load of bulk material to a Baton Rouge customer.
In the loading process the hauling unit acquires a residue of the loaded bulk material on its exterior parts. This deposit of the material, or “dust” as it was called, must be washed from the unit before leaving the premises of the defendant. The standard operating procedure is for the truck driver to move his unit to a wash area which is simply a concrete slab adjacent to which there is a water faucet and large hose. It should be noted that this concrete slab or wash pad was not large enough to accommodate more than the trailer. The tractor was necessarily located forward of the wash slab.
By reason of the repeated use of the wash rack water continuously accumulated around the entire area to such extent that when plaintiff stepped from the cab of the tractor he always stepped into the accumulated water and resultant mud.
After driving the trailer onto the wash rack and securing the water hose, the plaintiff washed down the lower portion of the unit and then ascended the ladder that was integral to the trailer on the rear, from which position he washed the under-portion of the trailer. As plaintiff descended the ladder his right foot slipped, causing his left knee to strike a rung. After recovering from the immediate intense pain of the injury he stepped off the ladder, mounted his truck and proceeded to deliver his cargo. Three days subsequently plaintiff sought medical assistance for his injury.
The record fully supports the following factual findings: the appellant, at the time of his injury, was an experienced truck driver who was thoroughly familiar with his equipment and with the area in which he was injured. He had driven, according to his own testimony, into the defendant’s premises and onto the wash rack area over one hundred times prior to the occasion of his injury. He was aware of the presence of the mud and the deposit of mud on his boots. He was aware that there was always mud in this area.
The issues on this appeal as contended by appellant are: (1) Whether the defendant-appellee was negligent in permitting an unreasonably dangerous condition to exist in the area of the wash rack, and (2) whether the plaintiff-appellant should be adjudged contributorily negligent.
*689 Appellant argues that as he occupied the status of an invitee the appellee owed him the duty of reasonable ordinary care, which duty included the prior discovery of such dangerous conditions, to correct these dangerous conditions or to warn appellant of such conditions. The theory of appellant’s case is that the large mud hole around the concrete wash pad or rack was an unreasonably dangerous condition of which appellee had knowledge. In the discharge of his duties as a truck driver there was no way in which he could avoid the danger. He was required to drive his unit into the undrained muddy area in order to wash the residue from his equipment. This was a danger he could not avoid if he was to comply with the standard operating procedure of his employer. Further, two factors combined to put the appellant in his untenable position — the failure of the appellee to drain the area and his failure to provide an adequate concrete wash rack area. In alighting from his tractor he was obligated to step into the area of the mud. It was in this manner that mud was placed on his boots and it was this mud which caused his right foot to slip, propelling his left knee into the ladder rung.
The defendant’s argument in defense is based in part on the principles enunciated in Shelton v. Aetna Casualty & Surety Company, 334 So.2d 406 (La. 1976). The issue appears to be whether in the management of his property the defendant has acted as a reasonable man in view of the probability of injury to others.
The cause in fact of the plaintiff’s accident was the mud on plaintiff’s boots which was present because of the lack of adequate drainage on the property of the defendant. However, this does not establish liability on the part of the landowner. Before there is liability on the part of the landowner it must be established that the landowner breached a legal duty to protect the plaintiff against this particular risk involved. To determine if there was a duty owed by the landowner we must examine the particular facts before us. We find and so hold that the landowner owed plaintiff a duty to discover any unreasonably dangerous condition on the premises and to either correct the condition or to warn him of its existence.
Apropos to this case is the following statement from Shelton v. Aetna Casualty & Surety Company, supra:
“The duty of a landowner is not to insure against the possibility of an accident on his premises, but rather to act reasonably in view of the probability of injury to others. Thus, the landowner is not liable for an injury resulting from a condition which should have been observed by an individual in the exercise of reasonable care or which was as obvious to a visitor as to the landowner. Alexander v. General Accident Fire and Life Assurance Corp., supra, [98 So.2d 730 (La.App. 1st Cir. 1957)]; Crittenden v. Fidelity and Casualty Co., 83 So.2d 538 (La.App.2d Cir. 1955).”
We are compelled to find that the appellant was fully cognizant of the existing condition and he must be found to have assumed this risk attendant to the discharge of his duty of washing the dust from the exterior of his trailer. Assuming ar-guendo that the defendant was guilty of negligence in permitting the undrained area to persist on its premises, the full knowledge of this condition thereof possessed by the appellant denies his recovery.
Accordingly, for the foregoing reasons, the judgment appealed is affirmed at appellant’s cost.
AFFIRMED.
McBRIDE, J., dissents with reasons.